**LODGE NO. 725, INTERNATIONAL ASSOCIATION OF MACHINISTS, Appellant,**

v.

**MOONEY AIRCRAFT, INC., Appellee.**

**No. 24575.**

United States Court of Appeals
Fifth Circuit.

April 30, 1969.

Arthur M. Gochman, San Antonio, Tex., for appellant, Maverick, Tynan & Gochman, San Antonio, Tex., of counsel.

Hal Rachal, Midland, Tex., Josh H. Groce, San Antonio, Tex., for appellee.

Before TUTTLE, GEWIN and GODBOLD, Circuit Judges.

TUTTLE, Circuit Judge:

This case involves the validity of an arbitration award. The collective bargaining agreement provided that the decision was to be rendered within three days after the hearing of the grievance.[1] The award was made on July 3, 1964,

---

1. "B. The Board of Arbitrators shall meet within five days after notice of intention to arbitrate is given and render their decision within three days after hearing the grievance, provided these time limits

may be modified upon request of the third member of the board.

\* \* \* \* \*

"E. The time limits set forth in the Arbitration Article may be extended by mutual agreement."

about 44 days after the May 20 hearing. The company contends that the award was invalid. The union contends that the company waived its rights to object because it made no objection to the failure to comply with the time limits until after the award was issued.

After the award was issued, the union unsuccessfully sought to have it implemented. The company refused. The union then filed suit in the district court under § 301(a) of the LMRA to enforce the award which ordered the reinstatement of a discharged employee. Before trial the union moved for summary judgment. The brief of appellant in support of the motion for summary judgment alleged among other things that it was entitled to judgment based on the company's waiver of its rights. The court denied the motion and a trial was held. The jury found that the arbitrator did not request an extension of time for filing the award and that the company did not agree to such an extension. The court then entered a judgment for the company and refused to enforce the award. On this appeal, the union again asserts that its position is that regardless of the jury's findings, it was entitled to judgment as a matter of law because of the company waiver.

Although it made some attempts to contact the arbitrator by telephone shortly after the hearings, during the 44 days the company did not protest the failure of the arbitrator to render the decision within the three day period.[2] It was not until after the company received the adverse award ordering it to reinstate the employee that it protested the delay.

Waiver and estoppel have been applied to situations such as this. For example, in District Lodge 71, IAM v. Bendix Corp., 218 F.Supp. 744 (W.D. of Mo., 1963), the final arbitration award was rendered almost two weeks after

the fifteen day period set by the agreement for the rendering of the decision. As in the case at bar, the agreement did not state that awards made after this period were void. There also, as in this case, the agreement did provide procedures for extension of the time, but none was requested. As did the company here, the union did not object to the lack of timeliness until after the final award was made. The court held that the union knew or should have known that the award would not be issued within the fifteen day period but it failed to object. In these circumstances, its silence constituted a waiver of any objection on that basis.

The company argues that awards made after the expiration of the time fixed in the agreement are void. It places major reliance on International Bhd. of Ry. Employees v. Norfolk S. Ry., 143 F.2d 1015 (4 Cir., 1944) and Annot. 154 A.L.R. 1392 (1944). The Norfolk case involved the validity of an arbitration award made under the Railway Labor Act, 45 U.S.C.A. § 158. The court held that the failure to issue the award during the 15 day period after the hearing as provided in the collective bargaining agreement rendered it void. The case is distinguishable on several grounds. First, the court was obviously concerned with interpreting federal statutory law peculiar to the railroad industry. The Act provided that collective bargaining agreements "Shall fix a period from the beginning of the hearings within which the said board shall make and file its award: Provided, That the parties may agree at any time upon an extension of this period." 45 U.S.C.A. § 158(i). Further, a purpose of the Act was "to provide for the prompt and orderly settlement of all disputes * *." 45 U.S.C.A. § 151a(4). In view of these statutes, the court said that not

---

2. There is no evidence as to the purpose of these attempted calls. Moreover, it was conceded by the company's witness that he knew the address of the impartial arbitrator, but that no written communication was attempted, "because I also knew he was out of the city." There is no evidence that this absence was extended or that any effort was made to ascertain the whereabouts of the arbitrator.

only was the inclusion of a time limit mandatory, but also the issuance of the award within these limits was mandatory unless the statutory procedures were followed for extending the time. Obviously, there are no comparable federal statutes here. Furthermore, even the Norfolk case does not stand for the proposition that all awards issued beyond the time provided for in the agreement were per se void as contended by the company. The issue of waiver was not discussed in the Norfolk case. The annotation following this case, which is referred to by the company in its brief, makes it clear that a finding of waiver was proper even at common law. It was quoted by the court in the Bendix case, *supra*, in support of its holding that waiver was present. The court quoted the following from Annot. 154 A.L.R. 1392, 1406 (1944):

> "It seems to be absolutely essential, in order to preserve one's rights, to protest against the continuance of the arbitration proceedings after the stipulated time has elapsed. Mere non-participation in the continued proceedings will not be sufficient."

The court then concluded, "This is a reasonable rule which will be applied in this case." 218 F.Supp. at 748. The Supreme Court in the Steelworkers trilogy [United Steelworkers of America v. American Manufacturing Co.], 363 U.S.

564 et seq., 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960) laid to rest the initial judicial hostility toward private labor arbitration. Once a dispute has been submitted to the arbitrator, courts should be slow to withhold enforcement of the award.[3]

Here the discharge dispute was clearly arbitrable and, in ordering reinstatement, the arbitrator did not exceed his powers. To hold that the company could wait 44 days without protesting the failure of the arbitrator to render his decision and then, when the adverse award was handed down to allow the company to attack it on these grounds would run counter to the express federal labor policy in favor of encouraging arbitration. Moreover, we would be extremely loath to penalize the beneficiary of the award because of the lapse of time over which he had no possible control. This is especially true because of the extreme shortness of the period. While it would doubtless be good policy for the parties to emphasize in their contract the desirability of quick action, we must answer the question here in the same manner as though Mr. Holliman had submitted his award in four days rather than the three provided for. It is unthinkable that such an award would be set aside because of a loss of jurisdiction to act one day later than the three days mentioned in the contract.[4]

---

3. Here the trial court submitted to the jury the question whether the company's representative actually agreed, at the conclusion of the hearing, to a delay in Mr. Holliman's making of his award, and the question whether Mr. Holliman requested an extension of time. Notwithstanding disputed testimony on these points the jury answered "No" to each question. Nevertheless, it is not disputed that all parties were told that Mr. Holliman had to postpone action on other pending arbitration matters because he was about to leave town. The jury was not asked to determine whether Mr. Holliman proceeded on the assumption (though possibly mistaken) that an agreement for extension of time had been had. (Such absence would hardly be compatible with rendering a decision within three days). We think it unnecessary

to resolve or further consider this issue in light of our disposition of the case.

4. We think it appropriate to note the dissenting opinion filed by Judge Godbold. Our position is that there is no issue of fact here. It is undisputed that the company did not challenge the jurisdiction of the arbitrators to proceed to a final determination of the issues before him at any time after the expiration of the three-day period and before the issuing of the decision adverse to the company. The record is replete with statements by counsel for both parties before final judgment was entered by the trial court agreeing that the pretrial judge overruled the appellant's contention that this amounted, as a matter of law, to a waive of the company's right to challenge the arbitrator's

Accordingly, the judgment should be reversed and the case remanded to the trial court for the entry of a judgment in favor of the appellant.

GODBOLD, Circuit Judge (dissenting):

I respectfully dissent. The majority propose to set aside a jury verdict for the employer on factual issues and the judgment of the court entered thereon refusing to enforce an arbitration award, and substitute a contrary judgment. The majority opinion appears to embrace two theories—that the company failed to discharge the burden of alleging and proving that it had not waived the untimeliness of the award and was not estopped from asserting untimeliness as a defense;[1] and, second, that the evidence in the record before this court shows as a matter of law that the company had waived, or was estopped from asserting, the late rendition of the award. Accepting the view that waiver and estoppel may prevent the expiration of the prescribed time period from operating as bar, it seems to me that the majority place on the wrong party the burden of raising and proving them. As to the second theory, factual determinations of the existence of waiver and estoppel are not appropriately decided in this court in this case.

The union sued to enforce the award, alleging that under the collective bargaining agreement between the parties and the Labor Management Relations Act the award was final and binding on the company. The company answered, asserting as its Third Defense that the arbitrators did not render a decision within three days as required and that no extension of the three-day period was agreed to or requested.[2] The union moved for summary judgment, attaching a copy of the collective bargaining agreement and an affidavit of the chairman of the board of arbitrators. The affidavit said that the chairman had requested an indefinite extension of time in which to render the decision and that counsel for company and union had agreed thereto. The affidavit made no other factual assertions to explain the untimeliness of the award and said nothing of waiver.

The company responded with an answer to the motion, stating that there was a genuine issue of material fact and attaching the counter-affidavit of its attorney which said that no extension of time had been requested of him, that he had not agreed to any extension, and that a majority of the arbitrators had not joined in the award. With the case in this posture the trial judge was required to, and did, deny the motion for summary judgment.[3]

jurisdiction. Thus, this legal issue is before us on appeal. We conclude that such failure to challenge the jurisdiction of the arbitrators until after the adverse decision was entered amounted, as a matter of law, to a waiver.

1. It is implicit in the majority opinion that untimeliness is a defense to the company, else the questions of waiver and estoppel would be irrelevant. See Annot. 154 ALR 1392.

2. The third Defense was as follows:

THIRD DEFENSE
The Collective Bargaining Agreement provides that:
"The Board of Arbitration shall meet within five (5) days after notice of intention to arbitrate is given and render their decision within three (3) days after hearing the grievance, pro-

vided these time limits may be modified upon request of the third member of the Board." * * * The Agreement further provides that: "The time limits as set forth in the Arbitration Article may be extended by mutual agreement." The Board of Arbitration did not render their decision within three days after hearing the grievance and the third member of the Board made no request upon Defendant to modify the time limit and the time limit as set forth in the Arbitration Article of the Collective Bargaining Agreement was not extended by mutual agreement.

3. The record contains the briefs on the motion for summary judgment. Arguably it can be said that the union brief refers to waiver. Also colloquy at the trial reveals, from statements by both counsel, that something about waiver had

Implicit in the majority opinion is that the court erred in not granting summary judgment for the union. This is wrong for several reasons. First, the union did not raise by complaint, motion for summary judgment or affidavits any claim of waiver of the untimeliness of the award or estoppel to assert the untimeliness defense. Rule 8(c) Fed.R.Civ.P. recognizes that waiver and estoppel are affirmatively defensive in nature. If the union, on motion for summary judgment, wanted to establish that there were no material disputed facts as to those issues it had to bring the issues forward in its motion and affidavits. The company, having answered that the award was late filed, was not required to negative the existence of waiver and estoppel, any more than it would be required to negative its waiver of any other defenses which would make the award not valid (for example, failure of all to join in the award, fraud, collusion).

Second, if it be considered that somehow waiver of the late filing was before the court on motion for summary judgment, nothing was properly presented to the court to demonstrate that there was no genuine issue of material fact on that subject matter. Claims in unverified briefs, and oral arguments, do not settle issues of material fact under Rule 56.[4] Waiver is not a cosmic abstraction. It arises from what people do and say. There was nothing before the judge on which he could determine whether the company waited out the delay with the hope of avoiding the decision when rendered and whether the delay was material, reasonable, justified and not prejudicial.[5] Third, the union has not appealed, cross-appealed or specified as error that the summary judgment was improperly denied.

Subsequent to denial of the motion for summary judgment the court held a pretrial conference, and entered a pretrial order stating that the only issues to be tried were those raised by the counter-affidavit of Mooney's counsel: (a) whether a majority of the arbitrators had joined in the award, and (b) whether Mooney had agreed to an extension of time to file the award.

Thus the case came to trial with neither waiver nor estoppel as an issue.

At trial Mooney abandoned the issue of whether a majority of the arbitrators agreed to the award. This left as the sole issue whether Mooney had agreed to an extension of time. The court submitted this issue in the form of two special interrogatories to the jury, asking whether the chairman requested an extension of time and whether Mooney agreed to it. To both special interrogatories the jury answered "no." The trial court entered judgment for Mooney, reciting that the two special issues had been submitted to the jury "since all other issues had gone out of the case."

After the charge to the jury counsel for the union objected "to the charge as a whole"[6] on two grounds; first, that the burden was on Mooney to show by a preponderance of the evidence that it

---

been argued on the summary judgment motion. But issues are not formulated and decided this way, with trial and appellate courts left to speculate on what is before the court and what is decided.

4. "The judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ. P. 56.

5. District Lodge 71, IAM v. Bendix Corp., 218 F.Supp. 744 (W.D.Mo.1963) is a ready demonstration that it requires evidence of the facts to decide on waiver. *Bendix* was a non-jury trial, heard on stipulated facts. The agreed transcript showed a previous general course of dealings between the parties of not holding the arbitrator to the time limits of the contract and of somewhat casual requests for and ready assent to extensions of time. No one concerned, district judge, jury, or appellate judges, knows whether similar facts do or do not exist in the case before us.

6. Union counsel requested no charges.

did not "waive the extension of time,"[7] and that there was no evidence that Mooney did not waive; and, second, that no issue was presented to the jury on "that matter" [waiver]. To this the trial judge said:

> Well, all of these are new matters that you are bringing to me today, and we had a rather full pretrial yesterday and I never heard until this good moment one word about whether the Court should submit to the jury a question of waiver, and that opens up a whole new area.

The judge then pointed out that he was bound by the pretrial order and that the matter of waiver was being raised for the first time. Counsel for the union then said:

> No, I am not saying that the Court should submit an issue on waiver. *I am saying that as a matter of law, since there has been no evidence on waiver, that as a matter of law these issues should not be submitted.* I am not requesting an issue, your Honor.

The court then reaffirmed that he was correctly understanding union counsel:

> [THE COURT] * * *: [N]ow, as I understand it, you are not insisting upon any question of waiver,
>
> [COUNSEL FOR THE UNION]: That is right, but we are saying that *as a matter of law these issues should not be submitted* because there is no evidence of waiver. * * * *I mean, there is no evidence that there was no waiver.*

The trial judge declined to buy this argument of union counsel that the company had failed to discharge a burden of proof (which in any event it would not have had and, on an issue not in the case.)[8]

The fact that compliance with the rules of procedure is no mere technicality is demonstrated by the end result of this case. Mooney, having had no duty to

negative waiver and estoppel by summary judgment affidavits, did not do so. Having no duty to produce evidence at trial to negative waiver and estoppel, since those were not issues, it did not do so.[9] Now, having obtained a judgment based on the undisputed fact that the award was late and the jury's finding that there was no extension of time, Mooney is denied the opportunity of a trial, jury or otherwise, on waiver and estoppel. The union, which did not properly raise waiver or estoppel on motion for summary judgment and did not show that either was not a genuine issue of material fact, and did not raise with this court that summary judgment should have been granted, and at trial specifically stated it did not ask that waiver be submitted as an issue to the jury, gets a final ruling in its favor on that factual issue at the hands of the appellate court.

All members of the panel agree on the federal labor policy of encouraging arbitration. But I do not understand that policy to change the way in which cases are required to be tried in the district courts and to be reviewed on appeal. The judgment of the district court should be affirmed.

---

7. As noted above, the jury found there was no extension either requested or agreed to.

8. The record shows no whisper by anyone, before or during the trial, about estoppel.

9. The majority fault the company for failure to produce evidence that would tend to rebut inferences of waiver and estoppel. See footnotes 2 and 3 of majority opinion.