**JUGOMETAL, Plaintiff,**

v.

**SAMINCORP, INC., Defendant.**

**No. 77 Civ. 5569.**

United States District Court,
S. D. New York.

April 21, 1978.

Jaffe, Shaw & Rosenberg, P. C., New York City, for plaintiff.

Fox, Glynn & Melamed, New York City, for defendant; John R. Horan, Kathleen M. Kundar, New York City, of counsel.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

By motions each docketed March 28, 1978 in this action, defendant moved for an order pursuant to Rule 56, F.R.Civ.P., granting summary judgment for defendant on its amended counterclaims, and plaintiff moved for summary judgment in its favor on its complaint, and also for judgment dismissing the counterclaims, as being precluded by the terms of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958. 3 U.S.T. 2517, T.I.A.S. No. 6997, 9 U.S.C.A. 1977 Supp. p. 69 (hereinafter "the Convention"), and on various alternative grounds.

On November 23, 1976, defendant suffered an adverse arbitration award described in the complaint in favor of plaintiff in the amount of approximately $719,000. At the hearing on the motions held before me on March 30, 1978, defendant conceded in open court that this is a valid award, and that there is no defense to it.

Defendant, however, is the assignee of two awards described below, made against plaintiff in the same arbitration tribunal, and is also the holder of another award against plaintiff. The total of the awards now held by defendant directly or as assignee are approximately $1,200,000., that is to say, they exceed the amount of $719,000. adjudged by arbitrators in favor of plaintiff.

Jugometal is a corporate entity or state trading company organized under the laws of Yugoslavia. That nation is not a party to the Convention, nor is it a party to any other international convention or treaty for the enforcement of arbitral awards to which the United States is also party. France, however, the place where all these arbitrations took place, is a party to the Convention. Defendant is a New York corporation engaged in the business of trading internationally in metals and minerals.

Sudamin, S.A., is a Belgian corporation not present in this District, engaged in the same activity. Hochmetals Corporation is a Panamanian corporation having a branch office in Tokyo, Japan, also engaged in similar endeavors. Samincorp, Sudamin and Hochmetals are each wholly owned subsidiaries, directly or indirectly, of South American Consolidated Enterprises, S.A., a Panamanian corporation. The operating results of the subsidiaries are consolidated with those of the parent, and the parent corporation and its subsidiaries are known in the field of international commerce as the Hochschild Group.

The initial award in arbitration here was made in favor of Jugometal against Samincorp in the amount of $719,166.12, plus interest, costs and expenses, as a result of an arbitration concluded on or about November 23, 1976 by the Court of Arbitration of the International Chamber of Commerce at Paris, France in case No. 2735. As noted, Samincorp concedes that it has no defense to that arbitration award, to which was added interest at the rate of 8% per annum from February 26, 1975 to the date of payment, and arbitration costs.

The first counterclaim asserted arises out of an arbitration before the same tribunal and at the same place in case No. 2959. On July 28, 1977, the arbitration tribunal awarded Samincorp $396,004., plus interest at the rate of 8.5% from June 1, 1974 to the date of payment, and the costs of arbitration, amounting to $30,000.

The second counterclaim was in favor of Sudamin, and was arbitrated as case No. 2944 by the same tribunal. On March 3, 1978, the arbitral tribunal awarded to Sudamin the sum of $283,369.80, plus interest thereon at the rate of 8.5% per annum from June 1, 1974 to the date of completion of payment, and the costs of the arbitration, amounting to $44,422. On December 13, 1977, by a written instrument regulated by the law of New York, Sudamin assigned to Samincorp absolutely, all right, title and interest in the award that would result from that arbitration.

The third counterclaim arises out of a dispute between Hochmetals and Jugometal, which was arbitrated by the same tribunal under case No. 2943. This chose in action was also assigned to Samincorp by a written assignment regulated by the law of New York, and on March 3, 1978, the arbitral tribunal awarded in that case the sum of $40,300., plus interest thereon at the rate of 8.5% per annum from June 1, 1974 to the date of completion of payment, and the costs of arbitration, amounting to $42,990.

In addition to the claims and disputes set forth in the pleadings, the Court has been informed by a letter dated March 29, 1978, submitted by Jugometal's counsel that there is yet another proceeding instituted in the same arbitral tribunal by Jugometal against Hochmetals Corp. in which Jugometal is seeking to recover the principal amount of $104,651. and interest amounting to approximately $35,589. This claim remains undetermined. We are informed by the same letter that an additional claim has been instituted by Jugometal in the same tribunal to recover the principal amount of $15,192. from Samincorp with interest of approximately $5,380. Furthermore, there is a pending claim not yet submitted to arbitration, said to exist in favor of Jugometal against Samincorp for the purchase price of 300 metric tons of silicon metal, which it had delivered to U.S. Reduction Co. at the special instance and request of Samincorp. As a result of this dispute, Jugometal claims the unpaid purchase price for the silicon metal, amounting to $210,-000., plus interest, amounting to $68,425.

No arbitration or other proceeding is presently pending with respect to that claim, but it is, we understand, arbitrable in France.

This action was filed on November 16, 1977 by Jugometal in this Court and seeks to recover merely the results of the first arbitration award. In that case the arbitrators had rejected a counterclaim or set-off by Samincorp, without prejudice to renew in a separate arbitral proceeding.

Under 9 U.S.C. § 203, this Court has subject matter jurisdiction, without regard to diversity of citizenship, to recognize and enforce in favor of the parties, the arbitration awards which they assert, and in addition, the Court has subject matter jurisdiction under 9 U.S.C. § 207 to the extent that the Convention applies. As noted before, France, the place where the arbitral awards were made, is a party to the Convention. The awards arise out of commercial transactions and are clearly within the Convention. The assignments are not collusive for the purpose of granting subject matter jurisdiction of the counterclaims. Once having acquired subject matter jurisdiction of the original complaint, the Court in its discretion could exercise under Rule 13, F.R. Civ.P., ancillary jurisdiction over the subject matter of the counterclaims. The assignments are not "collusive," within the prohibition of 28 U.S.C. § 1359, as effected for the purpose of founding diversity jurisdiction, in a case where subject matter jurisdiction would not otherwise be available. This is so because, as noted above, our jurisdiction here does not depend on diversity.

No internal infirmity has been shown with respect to any of the awards. The interests of justice require that the Court exercise its powers over the counterclaims, and strike a net balance, notwithstanding the fact that the arbitral tribunal, because of its own procedures, was unable to do so. It would be inequitable to permit this plaintiff to recover a judgment here against the defendant on the concededly valid arbitral award in its favor, and at the same time to withhold enforcement of the three counter-

claims here, requiring Samincorp to seek their enforcement separately in a foreign tribunal or wherever Jugometal can be found. The Convention does not prevent this Court from entertaining set-offs or counterclaims in a proper case where authorized by Rule 13. This is not a situation in which a lengthy hearing on an unliquidated claim would defer the trial of the main case, or frustrate the fair and speedy administration of justice as required by the Convention. An assignee has the same standing to enforce an arbitration award in this Court as its assignor would have, since the force and effect of the assignment must be determined according to New York law. There is no *bona fide* contention that the assignments are subject to any infirmity, and this Court perceives none. No purpose would be served to require the assignors to bring or file separate proceedings here to enforce their awards, and to move to consolidate those lawsuits.

The disputes arbitrated each arose out of the same series of transactions, involving international dealings in metals between plaintiff on the one hand, and various related corporate entities of the Hochschild Group on the other. There is no genuine issue of disputed material fact.

Plaintiff is granted summary judgment in its favor upon its complaint, and the defendant is granted summary judgment in its favor on the three counterclaims.

A judgment in a single figure for the net amount due, and all interest charges thereon to the date noticed for settlement shall be submitted on ten (10) days notice. A clear and concise computation of the amount shall be submitted therewith.

The judgment may provide that its enforcement is stayed pending appellate finality. The Court declines to retain jurisdiction of the action for the purpose of adjudicating the additional unliquidated claims mentioned in the March 29, 1978 letter from counsel to Jugometal filed herein.

So Ordered.