**LA SOCIETE NATIONALE POUR LA RECHERCHE, LA PRODUCTION, LE TRANSPORT, LA TRANSFORMATION ET LA COMMERCIALISATION DES HYDROCARBURES, Plaintiff,**

v.

**SHAHEEN NATURAL RESOURCES COMPANY, INC., Defendant.**

No. 83 Civ. 0676 (KTD).

United States District Court, S.D. New York.

Nov. 15, 1983.

**60**

Shearman & Sterling, New York City, for plaintiff; Alfred Ferrer III, New York City, of counsel.

Richard deY. Manning, New York City, for defendant.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, La Societe Nationale Pour La Recherche, La Production, Le Transport, La Transformation et la Commercialisation Des Hydrocarbures ("Sonatrach") seeks an order confirming an arbitration award rendered by a three-member International Chamber of Commerce ("ICC") panel on November 27, 1981 in Geneva, Switzerland. Defendant Shaheen Natural Resources Company, Inc. ("Shaheen") moves pursuant to 9 U.S.C. § 207 to dismiss the plaintiff's complaint on the ground that the arbitral award on which the complaint is based is not entitled to recognition and enforcement under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 3 U.S.T. 2517, T.I.A.S. No. 6997, as implemented by sections 201 to 208 of the Federal Arbitration Act, 9 U.S.C. §§ 201–08 (1976 Supp.) [hereinafter the "Convention"]. Defendant has moved alternatively, should plaintiff's complaint not be dismissed, for a stay of the arbitration award's enforcement pending the filing of an answer by the defendant. I deny defendant's motions and the arbitration award is confirmed pursuant to Article IV of the Convention.

## I.

## FACTS

Plaintiff, Sonatrach, is a company owned by an arm of the Algerian Government. The defendant is an Illinois corporation with its principal place of business in New York. On June 1, 1974, a written contract was entered into between Shaheen and Sonatrach providing for the sale to Shaheen of 273,000 metric tons of crude oil to be shipped over a seven month period. The contract between the parties contained an arbitration clause that provided:

> Any dispute arising out of this Contract shall be permanently settled according to the Rules of Conciliation and Arbitration of the International Chamber of Commerce by one or more arbiters named in accordance with these Rules.
>
> The arbitration shall take place in Geneva.
>
> The law in force in Algeria is applicable for the settlement of any dispute.

Contract, Article 19 (June 1, 1974) (translation), Affidavit of Mohammed Bayou, Exh. A [hereinafter the "Contract"].

A dispute under the contract arose when the full payment for the second cargo shipped to a refinery operated by a subsidiary of Shaheen in Come-By-Chance, Newfoundland was not remitted to Sonatrach. After demanding that Shaheen effect a cure, Sonatrach notified Shaheen on September 25, 1974 that the contract was considered repudiated.

On July 16, 1976 Sonatrach instituted a breach of contract action against Shaheen in the Supreme Court, New York County. Shaheen was notified on April 7, 1978 that Sonatrach also had commenced an arbitration proceeding before the ICC in accordance with the arbitration clause in the contract. Shaheen moved for summary judgment in the state court action arguing that by commencing an action in state court before proceeding to arbitration, Sonatrach had waived its right to have the dispute

arbitrated. On July 28, 1978 the New York Supreme Court denied summary judgment. The court held that Algerian law, not New York law, applied to the waiver issue and that under Algerian law, the commencement of a court action does not waive the right to arbitrate if the other party has not yet served its answer in the court suit. Defendant appealed to the Appellate Division, First Department but on October 23, 1978 the lower court's judgment was affirmed.

In accordance with the rules of the ICC, the terms of reference to the arbitration panel were drafted at a meeting held in Paris on February 28, 1980 and signed on March 7, 1980. Shaheen did not appear at this meeting to sign the document or submit any papers or pleadings to the panel other than an affidavit for the purpose of contesting the jurisdiction of the panel. Shaheen again argued that the ICC panel lacked jurisdiction because Sonatrach had waived its right to arbitrate by instituting the state court action on the same claim in New York.

In the arbitration award rendered on November 27, 1981, the panel found that it had jurisdiction to hear the dispute and therefore rejected the defendant's defense. The panel ultimately found in favor of the plaintiff. Specifically, the arbitration panel found that a valid and binding contract was entered into between Shaheen and Sonatrach on June 1, 1974 and that pursuant to the contract's arbitration clause, Algerian law applied to the dispute. The panel found that Shaheen accepted only a portion of the oil delivered to its refinery and that full payment including late payment penalties was not made to the plaintiff.[1] The

panel held therefore that the plaintiff had a right to cancel the contract based on the defendant's breaches. Damages were calculated by the panel to exceed four million dollars with interest accruing on part of the award.

### DISCUSSION

The Convention provides that "within three years after an arbitral award falling under the convention is made, any party to the arbitration may apply ... for an order confirming the award as against any other party to the arbitration." 9 U.S.C. § 207. Article IV of the Convention requires only that an "authenticated original award or a duly certified copy thereof" and the original agreement to arbitrate be supplied to the court in order to obtain recognition of the award. Convention, Article IV, 9 U.S.C. § 201. Plaintiff has submitted the documents necessary to obtain confirmation.

■ The power to review an arbitration award is limited under the Convention, *see Amoco Overseas Oil Co. v. Astir Navigation Co.*, 490 F.Supp. 32, 37 (S.D.N.Y.1979), and the burden of proving that an award should be overturned is on the party challenging the enforcement and recognition of the award, *see Imperial Ethiopian Government v. Baruch-Foster Corp.*, 535 F.2d 334, 336 (5th Cir.1976). Section 207 provides that "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. Article V provides that recognition and enforcement may be refused only in certain narrowly prescribed situations.[2]

---

**1.** The panel found the following breaches by the defendant:

 (a) The defendant did not proceed with the removal of the crude oil which had been agreed upon;

 (b) The defendant did not notify the plaintiff of the removal schedule for September and October 1974;

 (c) The defendant was in arrear in the payment of the balance due on the cargo removed in July; and

 (d) The plaintiff had notified the defendant that it considered the failure of the latter to comply with its contractual obligations to constitute a unilateral repudiation of the contract.

Arbitration Award (translation), Affidavit of Alfred Ferrer III, Exh. A, at 29.

**2.** The Convention provides that recognition may be denied upon proof that:

 (a) The parties to the agreement ... were, under the law applicable to them, under some

In addition, the Convention permits recognition to be refused on two additional bases; if the subject matter of the difference is not capable of settlement by arbitration or if the recognition of the award would be contrary to the public policy of the country where recognition is sought, then recognition and enforcement may be refused. Convention, Article V, subsection 2, 9 U.S.C. § 201. *See Parsons & Whittemore Overseas Co. v. Societe Generale de L'Industrie du Paier (RAKTA),* 508 F.2d 969, 973 (2d Cir.1974).

## A. Shaheen's Liability

Shaheen asserts that it is not liable under the contract and is therefore not bound by the arbitration award because it acted merely as an agent for its subsidiary, Newfoundland Refining Company, Ltd. ("NRC"). Shaheen argues that the agency was disclosed because Sonatrach knew that it is a holding company without any refining facilities and that the crude oil was to be refined at a facility operated by NRC. Shaheen points to clause 12.1 of the contract which provides: "The crude oil covered by this Contract shall be consigned exclusively to Buyer's installations." Contract at 11. There are two reasons why I find Shaheen's argument unpersuasive. First, Shaheen should have presented its objection to the arbitration panel and failing to do so, has waived it. Second, even if Shaheen's objection is now properly interposed, there is no merit to it.

Shaheen was properly notified of the arbitration proceeding yet contested the jurisdiction of the panel only on the basis that the plaintiff waived the right to arbitrate by commencing an action in state court. Defendant had an affirmative obligation to raise "any arguments why the arbitration should not proceed" to the panel, *United Steelworkers of America, AFL–CIO CLC v. Smoke-Craft, Inc.,* 652 F.2d 1356, 1360 (9th Cir.1981), *cert. denied,* 455 U.S. 1021, 102 S.Ct. 1718, 72 L.Ed.2d 139 (1982), including that it is not a party to the agreement and is not bound by the arbitration provision. Shaheen chose not to do so. *See also American Broadcasting Co. v. Ali,* 489 F.Supp. 123, 127 (S.D.N.Y.1980) (decision of arbitrators is final and binding upon the parties when proceeding was adequate under the agreement). Thus, I find that Shaheen's objection to confirmation on the ground that it was acting only as an agent to NRC is not properly raised at this time and therefore has been waived. Assuming *arguendo* that Shaheen has not waived this objection to the enforcement of the arbitration award, I find the objection unpersuasive. That Shaheen was merely acting as an agent for NRC and as such is not bound by the agreement to arbitrate is contradicted by the unambiguous language contained in the agreement.

The party claiming that it is an agent has the burden of proving it and generally, the self-serving statements of the purported agent are insufficient. *See Tarstar Shipping Co. v. Century Shipline, Ltd.,* 451 F.Supp. 317, 323 (S.D.N.Y. 1978), *aff'd,* 597 F.2d 837 (2d Cir.1979); *see generally* 2 S. Williston, A Treatise on the Law of Contracts § 295, at 374 (3d ed. 1959). Here, Shaheen's argument is contradicted by the unambiguous terms of the contract. The first paragraph of the contract identifies the parties as Sonatrach (the "seller") and Shaheen (the "buyer"). Contract, at 1. Moreover, the last page of the contract is signed by Albin W. Smith,

---

incapacity, or the said agreement is not valid under the law to which the parties have subjected ... or
(b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
(c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it

contains decisions on matters beyond the scope of the submission to arbitration ... or
(d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties ... or
(e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.
Convention, Article V, 9 U.S.C. § 201.

the Senior Vice President of Shaheen. Contract, at 16. Nowhere in the contract is it stated that Shaheen was acting on behalf of NRC. Clause 12.1 is susceptible to interpretations other than that suggested by the defendant; it alone is not sufficient to sustain Shaheen's burden of showing that it was acting for a disclosed principal. Moreover, it was assumed throughout the pleadings and affidavits submitted to the New York Supreme Court as well as the decision rendered by that court that Shaheen was a party to the contract.[3]

## B. Public Policy

Shaheen asserts that confirmation of the foreign arbitration award would violate United States public policy. *See* Article V, subsection 2, 9 U.S.C. § 201. Shaheen argues that Article 12 of the contract, which provides that the "crude oil covered by this Contract shall be consigned exclusively to Buyer's installations," is a *per se* violation of the antitrust laws as an illegal location restriction on the resale of goods.

 The public policy defense under the Convention is generally construed narrowly in order to promote the Convention's goal of encouraging the prompt enforcement of awards. *See Scherk v. Alberto Culver Co.*, 417 U.S. 506, 520 n. 15, 94 S.Ct. 2449, 2457 n. 15, 41 L.Ed.2d 270 *reh'g denied*, 419 U.S. 885, 95 S.Ct. 157, 42 L.Ed.2d 129 (1974); *Parsons & Whittemore Overseas Co., Inc. v. Societe Generale de L'Industrie du Papier (RAKTA)*, 508 F.2d 969, 974 (2d Cir.1974). A defense based on public policy must touch "the forum state's most basic notions of morality and justice." 508 F.2d at 974. Here, the defendant's antitrust argument fails to reach the standard contemplated by the Convention.

Antitrust arguments interposed as a defense to a contract action, especially an action for an unpaid purchase price, traditionally have been viewed with disfavor. *See Kelly v. Kosuga*, 358 U.S. 516, 518, 79 S.Ct. 429, 430, 3 L.Ed.2d 475 (1959); *Viacom International, Inc. v. Tandem Productions, Inc.*, 526 F.2d 593, 597 (2d Cir. 1975). The Supreme Court in *Kelly v. Kosuga* reasoned that where "a lawful sale for a fair consideration constitutes an intelligible economic transaction in itself, we do not think it inappropriate or violative of the intent of the parties to give it effect even though it furnished the occasion for a restrictive agreement." 358 U.S. at 521. Thus, the "successful interposition of antitrust defenses is too likely to enrich [Shaheen] who reap[ed] the benefits of a contract and [now] seeks to avoid the corresponding burdens." 526 F.2d at 599.

Further, assuming that the antitrust argument would be deemed sufficient to constitute a violation of our public policy, defendant has misstated the applicable law. In *Continental T.V., Inc. v. GTE Sylvania, Inc.*, 433 U.S. 36, 59, 97 S.Ct. 2549, 2562, 53 L.Ed.2d 568 (1977), the Supreme Court overruled *United States v. Arnold, Schwinn & Co.*, 388 U.S. 365, 375–76, 87 S.Ct. 1856, 1863–64, 18 L.Ed.2d 1249 (1967), the authority cited by Shaheen in support of its public policy argument. In *Continental T.V., Inc. v. GTE Sylvania, Inc.*, the Supreme Court held that a rule of reason approach should be applied to vertical resale restrictions. 433 U.S. at 59, 97 S.Ct. at 2562. It is unnecessary, at this point, to apply the rule of reason analysis to the given facts in order to determine whether clause 12.1 of the contract violated the Sherman Antitrust Act. The defendant's public policy defense to the enforcement of the award is rejected.

---

**3.** Shaheen argues that as an agent for a disclosed principal, it is not liable under the contract that was signed by the vice president of Shaheen. The general rule is that an agent who either purports to be the principal or who acts for an undisclosed principal is liable under the contract. *See Powers v. Coffeyville Livestock Sales Co., Inc.*, 665 F.2d 311, 312–13 (10th Cir. 1981); *Tarolli Lumber Co., Inc. v. Andreassi*, 59

A.D.2d 1011, 399 N.Y.S.2d 739, 740 (4th Dep't 1977). On the other hand, an agent acting on behalf of a disclosed principal will not be liable on the contract. *Id.* Here, even if Shaheen has sustained its burden of establishing the existence of an agency relationship it has not shown that the principal was disclosed at the time of the making of the contract.

## C. Sonatrach's Standing

 Shaheen argues that Sonatrach may not invoke the Convention against Shaheen because as an arm of the Algerian government, Sonatrach is not a party to the Convention.[4] Shaheen's reasoning is inconsistent with the unambiguous language of the Convention which provides that the Convention applies to arbitral awards made in the "territory of a State other than the State where the recognition and enforcement of such awards are sought." Convention, Article 1, 9 U.S.C. § 201. The focus of this article to the Convention is not on the nationality of the party seeking to enforce an award but on the situs of the arbitration. Indeed, arbitration awards rendered by panels sitting in contracting countries have been confirmed consistently when the plaintiff is a national of a country which has not acceded to the Convention. *See Imperial Ethiopian Government v. Baruch-Foster Corp.*, 535 F.2d 334, 335 (5th Cir.1976) (arbitration award obtained by Ethiopian government, not a signatory to Convention, confirmed); *Jugometal v. Samincorp., Inc.*, 78 F.R.D. 504, 505 (S.D. N.Y.1978) (arbitration award obtained by Yugoslavian Corporation and rendered in France confirmed; Yugoslavia is not a signatory to the Convention but France is). Here, the arbitration hearing took place in Switzerland, a signatory country. Thus, Sonatrach has properly invoked the Convention and is entitled to recognition and enforcement of the award rendered by the ICC panel.

## D. Enforcement Against Shaheen

 Shaheen also argues that the due process clauses of the Fifth and Fourteenth Amendments would be violated by the enforcement of the award because an award, if it were in Shaheen's favor, would not be enforced against Sonatrach in Algerian courts. This reciprocity argument is wholly without merit and is not a ground stated in the Convention upon which enforcement can be denied. In addition, it

appears that Algerian courts would in fact enforce an ICC arbitral award rendered in a signatory country regardless of the nationality of the parties. *See* Affidavit of Mohand Issad (translation), at 4–5. In addition, Shaheen signed the contract containing the arbitration clause and cannot now seek to avoid the consequences of its acquiescence to the arbitration provision in the contract. Last, Shaheen had an opportunity to contest the invocation of the arbitration provision clause at the time that the panel held its hearing. Its failure to do so before the ICC panel waives this ground. Thus, the enforcement of this arbitration award rendered in Sonatrach's favor against Shaheen does not violate the Fifth and Fourteenth Amendments to the Constitution.

## E. Miscellaneous Procedural Objections to Enforcement

 Shaheen argues that there was no "dispute" to be arbitrated because the amount due on the contract was never contested and that arbitration was therefore improperly invoked. I find, however, that the arbitration clause was properly invoked by Sonatrach. Shaheen's circular argument is frivolous and without support. First, Shaheen concedes a liability in the approximate amount of 1.8 million dollars. Yet, the arbitration panel computed Shaheen's liability to exceed 4 million dollars. Second, Shaheen's failure to honor its debt constitutes a dispute subject to resolution through arbitration.

 A number of other procedural deficiencies are cited by Shaheen as defenses to the enforcement of the arbitration award. Shaheen argues that the award is fatally defective because three arbitrators sat on the panel in contravention of the agreement to arbitrate and the ICC Rules. Although this is an objection properly raised under Article V of the Convention, it is an objection more appropriately asserted to the arbitration panel itself. In addition, it appears that there is no merit to this

---

**4.** Shaheen's objection to enforcement based on the fact that Algeria is not a signatory to the

Convention is not a ground to deny recognition under the Convention. *See supra* note 2.

objection. The contract provides that any dispute arising between the parties "shall be permanently settled according to the Rules of Conciliation and Arbitration of the International Chamber of Commerce by one or more arbiters named in accordance with those Rules." Affidavit of Mohammed Bayou, Exh. A, at 15. The Rules of Conciliation and Arbitration of the International Chamber of Commerce provide that "[w]here the parties have not agreed upon the number of arbitrators, the Court shall appoint a sole arbitrator, save where it appears to the Court that the dispute is such as to warrant the appointment of three arbitrators." Affidavit of Richard deY. Manning, Exh. H, at 11. By letter dated June 12, 1978, the Secretary General of the ICC Court of Arbitration informed the parties that the dispute would be submitted to an arbitration panel comprised of three members. *See* Affidavit of Alfred Ferrer III, Exh. O. Thus, it appears that the decision to have an arbitration panel consisting of three members was made properly and in accordance with the contract and the Rules of the ICC.

 Finally, Shaheen asserts that the award was procedurally defective because the award was not rendered by the panel within the time limits set forth in the ICC Rules. The rules provide that the award should be made within six months of the date that the terms of reference was signed. Affidavit of Richard deY. Manning, Exh. H, at 19. Shaheen has waived its objection to the alleged untimeliness of the award by failing to object to the delay at the expiration of the initial six-month period. *See Laminoirs-Trefileries-Cableries de Lens, S.A. v. Southwire Co.*, 484 F.Supp. 1063, 1066 (N.D.Ga.1980) (citing *Lodge No. 725, International Association of Machinists v. Mooney Aircraft, Inc.*, 410 F.2d 681, 683 (5th Cir.1969)). Shaheen has not raised this objection before the panel or prior to the instant motion and is therefore estopped from raising it now.

 Even assuming that this objection is properly proffered at this time, it appears that the ICC Rules were complied with. The terms of reference were agreed to on May 7, 1980 and the award was signed on November 15, 20, and 27, 1981. The ICC Rules provide, however, that the ICC Court of Arbitration may extend this time period within which the award shall be rendered. *Id.* It would appear that the time limits prescribed by the rules within which an award should be rendered were extended in accordance with those rules on four occasions. *See* Affidavit of Alfred Ferrer III, Exh. C. Shaheen may not now assert its defense to the enforcement of the award based on the delay of the panel in rendering the award.

F. Enforcement Under Algerian Law

 Shaheen, in its final argument against the enforcement of the award, is grasping for straws. Shaheen contends that under the applicable Algerian law, Sonatrach, as a state-owned company, is not entitled to enter into an agreement to arbitrate disputes. Shaheen has misinterpreted the documents submitted on Algerian law to serve its own purpose. It is apparent from the affidavits submitted by Ali Bencheneb and Mohand Issad, professors of Algerian law, that the restriction on agreements to arbitrate applies only to domestic disputes. This dispute arises out of an international contract and as such, is clearly arbitrable and would be governed by the ICC Rules and the Convention. *See* Affidavit of Ali Bencheneb, at 3–4; Affidavit of Mohand Issad, at 2–3.

CONCLUSION

To deny recognition and enforcement to the arbitration award rendered on November 27, 1981 at this stage would be to violate the goal and the purpose of the Convention, that is, the summary procedure to expedite the recognition and enforcement of arbitration awards. *See Imperial Ethiopian Government v. Baruch-Foster Corp.*, 535 F.2d at 335. Shaheen had an opportunity to raise its objections to the arbitration proceedings before the panel and did not do so. Moreover, several of its objections are not interposable under

Article V of the Convention. There is no basis, in fact or law, to support its motion to dismiss the plaintiff's petition to confirm the award rendered in its favor by the ICC panel. Thus, the defendant's motion to dismiss is denied, and the arbitration award is hereby confirmed. Defendant's application for a stay of the enforcement of the award pending the service of an answer by Shaheen in the state court action is also denied. Judgment is directed to be entered on the arbitration award forthwith.

SO ORDERED.