**AMANDA BENT BOLT COMPANY, Amanda, Ohio, Plaintiff-Appellant,**

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 1549, et al., Defendants-Appellees.**

**No. 71–1130.**

United States Court of Appeals, Sixth Circuit.

Dec. 14, 1971.

Joseph M. Millious, Columbus, Ohio, Mayer, Tingley, Hurd & Emens, Columbus, Ohio, on brief, for appellant.

John A. Fillion, Detroit, Mich., Stephen I. Schlossberg, Detroit, Mich., Ray E. Schmidt, Dayton, Ohio, on brief, for appellees.

Before PHILLIPS, Chief Judge, and WEICK and CELEBREZZE, Circuit Judges.

PHILLIPS, Chief Judge.

This is an action under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), seeking to vacate an arbitration award.

Appellant Amanda Bent Bolt Company ("the Company") entered into a collective bargaining contract with the appellee labor union containing a no-strike clause. The contract provided that employees striking in violation of the no-strike clause were subject to discharge and that employees discharged for cause would lose their seniority. Twenty-eight employees engaged in a wild cat strike in violation of the no strike clause. All striking employees were discharged by the company.

The Union processed the grievances of the employees according to the established contract procedure, which called for arbitration. The arbitrator awarded the employees reinstatement with full seniority.

The company filed this action to vacate the award on the ground that the arbitrator exceeded his authority by granting relief which contradicted the express terms of the collective bargaining agreement. The District Court entered an order for summary judgment in favor of the Union.

We reverse.

The District Court correctly stated the general rule that arbitration as a means of settling labor disputes is favored and that courts refuse to review the merits of an arbitration award, seeking to effectuate the policy that labor disputes should be resolved by arbitration. *See* United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424; United Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers v. Caster Mold & Machine Co., 345 F.2d 429 (6th Cir.).

Nevertheless "[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. * * * [H]is award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have

no choice but to refuse enforcement of the award." United Steelworkers v. Enterprise, *supra,* 363 U.S. at 597, 80 S.Ct. at 1361.

Section 6.2 of the collective bargaining agreement in the present case provides as follows:

"The Union, its officers, agents, members, and employees covered by this agreement agree that for the duration of this Agreement there shall be no strikes, sitdowns, slowdowns, stoppages of work, boycott or any unlawful acts that interfere with the Company's operations or production or sale of its products. Any violation of this provision may be made the subject of disciplinary action, including discharge."

Section 4.1 provides that:

"The right to hire, lay off, promote, demote, transfer, discharge for cause, maintain discipline require observance of Company rules and regulations and maintain efficiency of employees is the sole responsibility of the Company. . . ."

Section 8.5 provides that employees shall lose their seniority if discharged for cause.

The decision of the arbitrator contains the following findings:

"It is conceded that an unauthorized work stoppage occurred on the morning of August 13, 1969, which was not condoned, sanctioned or encouraged by either the Local Union or International Officers. On the contrary, the evidence establishes without contradiction that both the Local Union Officers and International Representatives disapproved of the work stoppage and urged the participants to return to work.

\* \* \* \* \* \*

"The evidence clearly demonstrates that the unauthorized work stoppage occurred. The evidence establishes that the work stoppage had been planned by at least some employees on the previous evening. The action on the part of the employees who engaged in the work stoppage was in clear violation of the restrictive provisions of the contract.

\* \* \* \* \* \*

"The fact remains that the employees unequivocally violated the prohibition against strikes or work stoppages. The contract violations and acts of disciplinary action including discharge are explicitly authorized by the agreement.

\* \* \* \* \* \*

"In the judgment of the arbitrator, all of the employees who engaged and participated in the illegal work stoppage on August 13, 1969, were equally culpable and subject to the discharge penalty of the contract."

The first paragraph of the award of the arbitrator is as follows:

"1) The arbitrator finds that the twenty-eight individual grievants who were among those who engaged and participated in a work stoppage on August 13, 1969, were in clear violation of the language of Article VI which prohibits strikes or work stoppages and authorizes the company to take appropriate disciplinary action by reason of such contract violations, including the application of discharge penalties."

The arbitrator also stated the limitations on his own authority, saying:

"Inasmuch as the parties have seen fit to empower the Company to discharge employees who engage in a wildcat strike or work stoppage, the arbitrator is precluded and in fact is expressly prohibited, from substituting his judgment for that of the parties. . . . [T]his arbitrator is bound by the provisions of the contract; he is prohibited from adding to, subtracting from or modifying any of its terms."

In the face of the findings, the arbitrator proceeded to hold that all twenty-eight discharged employees are entitled to reinstatement with full seniority. This conclusion is based upon the fact that on August 29, 1969, the company sent a letter to all employees involved in

the strike, confirming their discharge and stating that an application for re-employment as new employees, with the loss of all seniority, would be considered by the company. The arbitrator concluded that:

"[N]otwithstanding the grievants' violation of the contract in engaging in a work stoppage, and the fact that the company was authorized to consider the penalty of discharge, such action was not, in fact, taken; the notice of discharge coupled by the proposal to re-employ the grievants as new hirees was a punitive measure at variance with the contract provisions and the established disciplinary concepts."

He also said:

"[T]he arbitrator is frank to acknowledge that he regards the indiscriminate application of the discharge penalty to all employees who engaged and participated in work stoppage without consideration of other factors including the degree of their participation is unusually harsh and severe."

██ We hold that award of the arbitrator is contrary to the terms of the collective bargaining contract and was beyond the scope of his authority. Section 5.5 of the contract expressly provides that: "The arbitrator shall have no power to add to, subtract from or modify any of the terms of this agreement."

Nowhere in the agreement is the company prohibited from rehiring any employee who has been discharged for cause. The loss of seniority was in accord with the express language of the contract. For purpose of emphasis we requote from United Steelworkers v. Enterprise, *supra:* "[H]is award is legitimate only so long as it draws its essence from the collective bargaining agreement." 363 U.S. at 597, 80 S.Ct. at 1361.

The Federal Arbitration Act, 9 U.S.C. § 10, provides for the vacating of an arbitration award if the arbitrator exceeds his powers.

The no-strike clause was an important part of the collective bargaining contract. When twenty-eight employees violated this provision, they were subject to discharge. The determination of the penalty was reserved to the company and was not the prerogative of the arbitrator.

The judgment of the District Court is reversed. The case is remanded with directions to set aside the award of the arbitrator and for further proceedings not inconsistent with this opinion.