BAKERY AND CONFECTIONERY WORKERS INTERNATIONAL UNION OF AMERICA, AFL–CIO, LOCAL 111, Plaintiff,

v.

BRIDGFORD FOODS CORPORATION, Defendant.

Civ. A. No. CA3–75–0348 C.

United States District Court,
N. D. Texas,
Dallas Division.

Dec. 3, 1976.

Marvin Menaker, Bader, Wilson, Menaker, Cox & Branson, Dallas, Tex., for plaintiff.

Hugh M. Smith, Schoolfield, Smith & Weissert, Dallas, Tex., for defendant.

## MEMORANDUM ORDER AND OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

This suit is an action for enforcement of an arbitration award made pursuant to a collective bargaining agreement under Section 301 of the Labor Management Relations Act. Plaintiff alleges that she was improperly denied the opportunity to return to work from a pregnancy leave of absence. Plaintiff attempted to return to work on January 14, 1974, but she was denied work until April 8, 1974. Plaintiff filed a grievance on the matter on June 21, 1974 which was decided on September 24, 1974. The arbitrator awarded full back pay from January 14 to April 8 to make the plaintiff whole. The company has refused to pay alleging the award to be improper under the agreement. Plaintiff filed suit to enforce the award and both sides filed motions for summary judgment pursuant to Rule 56. After careful consideration, this

Court has decided to grant summary judgment for defendant.

■ In denying enforcement to the arbitrator's decision, the Court is not unmindful that the merits of the decision are not subject to judicial review. The decision is subject to review, however, to ascertain whether the subject matter and the award were drawn from the collective bargaining agreement. *Minute Maid Co. v. Citrus, Cannery, Food Processing and Allied Workers, Drivers, Warehousemen and Helpers, Local Union No. 444*, 331 F.2d 280 (5th Cir. 1964). The Court finds neither the subject matter nor the award to be drawn from the particular agreement in this case. Article XII, Section 2 of the agreement provides that the grievance must be filed within 5 days of the alleged grievance. Article XII Section 3 provides that where this time limit is exceeded, the grievance is considered settled in favor of the other party. Clearly, June 21 is more than 5 days after the alleged grievance and therefore the arbitrator is without power in this matter under this agreement. Further, the Court notes the award is improper. Article XII Section 8 provides that an arbitrator "may not award money for any time prior to ten (10) working days before the date of the written grievance." Since Plaintiff was employed from April 8, Defendant would not be owing any back pay, overtime or other money for the 10 day period prior to the filing of the grievance. Although the Court normally grants wide latitude to the arbitrator to fashion appropriate remedies in the absence of clearly restrictive language, the Court in this case finds the arbitrator contravened these express, restrictive provisions of the agreement such that the Court must refuse enforcement of the arbitrator's award. *Lodge No. 12, Dist. No. 37, International Association of Machinists v. Cameron Iron Works*, 292 F.2d 112 (5th Cir. 1961); *Local 369, Bakery and Confectionery Workers International Union v. Cotten Baking Co., Inc.*, 514 F.2d 1235 (5th Cir. 1975). Because Bridgford Foods had justification to refuse to abide by this improper award, attorneys' fees will not be assessed. *United Steelworkers v. U.S. Gypsum*, 492 F.2d 713 (5th Cir. 1974).

The Court having considered the facts stipulated by the parties on May 3, 1976, and the Court having read the briefs of counsel, and due deliberation having been had thereon, it is

ORDERED, that Plaintiff's cross motion for summary judgment be and the same hereby is denied, and it is further

ORDERED, that defendant's motion for summary judgment be and the same hereby is granted, and it is further

ORDERED, ADJUDGED AND DECREED that the complaint herein be and the same is hereby dismissed and that defendant have and recover costs from plaintiff.