**INTERNATIONAL BROTHERHOOD OF FIREMEN AND OILERS LOCAL UNION NO. 935B, Plaintiff,**

v.

**The NESTLE COMPANY, INC., Defendant.**

**No. C–2–78–104.**

United States District Court, S. D. Ohio, E. D.

Oct. 20, 1978.

Joseph W. Schilder, Clark & Schilder, Sunbury, Ohio, Jerry L. Riseling, Perry, Riseling & Boyuk, Columbus, Ohio, for plaintiff.

Ira Michael Shepard, Carr, Jordan, Cayne & Savitz, Washington, D. C., G. Roger King, Bricker, Evatt, Barton & Eckler, Columbus, Ohio, for defendant.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court on cross motions for summary judgment. The plaintiff has also filed a motion for leave to amend the complaint by interlineation.

Plaintiff [hereinafter the Union] brought this case under Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185, seeking to enforce the award of an arbitrator rendered on January 16, 1978. The defendant [hereinafter the Company] refused to comply voluntarily with the award, and responded to the complaint with a motion to vacate the award. The collective bargaining agreement [hereinafter the Agreement] states in Article XII(a) that insubordination "shall constitute cause for the dismissal of any employee from the service of the Company." The arbitrator stated in his award that "the grievant, in fact, refused a direct order given to him, admittedly, two or three times, for reasons known only to the grievant." Arbitrator's Award at 16. The Company's position is that the arbitrator, having found the grievant guilty of conduct which constitutes insubordination, had no power under the Agreement to order the grievant's reinstatement. For the reasons which follow, this Court determines that the defendant's position is without merit, and the award must be upheld.

The discharge of the grievant was the culmination of a dispute between the grievant and his foreman as to the proper approach to be taken with regard to a malfunctioning clarifying unit. The grievant was ordered to "tear down" the unit. Instead, the grievant called a maintenance man to inspect a valve which the grievant considered responsible for the unit's problem. It appears that upon the second or third occasion that the foreman gave the order to tear down the clarifier, an angry confrontation took place and the grievant was discharged on the spot.

The Company asserted at the arbitration hearing that the grievant had used repeated abusive language, had made threats, and had raised his hand to strike the foreman. The grievant denied the making of any threats or raising his hand to the foreman. In addition, the grievant asserted that his disobedience of the foreman's order was prompted by concern for his own safety, as the clarifier is cleaned by means of a caustic alkaline solution.

In his opinion, the arbitrator discredited the grievant's fear for his safety as a fabrication used as a *post hoc* justification of the

grievant's disobedience. The arbitrator therefore found, as mentioned above, that the grievant had disobeyed a direct order for no justifiable reason. The arbitrator also found as follows:

> Furthermore, it was indicated by the foreman that he would have only suspended the grievant for a day had the grievant not thereafter raised a fist to the foreman; sworn at the foreman; and in general been disrespectful to the foreman throughout the ensuing moments of confrontation . . . .

Arbitrator's Award, at 13. It was these latter actions of the grievant that the arbitrator found had not been proven. He stated that without corroborative testimony, he would not sustain a discharge based solely on the foreman's testimony.

■ Article XII of the Agreement provides as follows:

### Discharges

(a) Intoxication, dishonesty, incompetency, insubordination or failure to perform satisfactorily the usual, customary duties of the employee, shall constitute cause for the dismissal of any employee from the service of the Company.

(b) Any employee desiring an investigation of his discharge must file a protest in writing with the Union and the Company within three (3) days from the date of discharge and the matter will then be handled through the grievance procedure provided in this Agreement.

Because the role of this Court in reviewing an arbitration award is limited, 9 U.S.C. § 10; see United Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 596–97, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), the Court must decide only whether the arbitrator had the power under this Agreement to make this particular award. As the Sixth Circuit Court of Appeals stated in Timken Co. v. Local Union No. 1123, United Steelworkers of America, 482 F.2d 1012, 1014 (CA 6, 1973):

> [U]nless the award manifests a clear infidelity to the arbitrator's obligation of drawing the "essence" of the award from the bargaining agreement, a court must refuse to substitute its judgment on the merits for that of the arbitrator.

■ The Court has no difficulty in affirming the arbitrator's award in this case. The Company characterizes the arbitrator's opinion as finding (1) that the grievant was discharged for insubordination, (2) that the grievant was guilty of insubordination (disobeying an order), (3) that the discharge must nonetheless be overruled. A more accurate characterization of the opinion is that (1) the grievant was discharged for threatening, swearing at and raising his fist to the foreman, (2) the Company was unable to prove that the grievant was guilty of these acts, (3) the grievant must therefore be reinstated. Nothing in Article XII requires the arbitrator to seek out and discover another reason to uphold a discharge when the Company is unable to prove the reason it initially assigns to the discharge. The foreman testified, and the arbitrator found, that the discharge would not have resulted for the grievant's disobedience alone. Arbitrator's Award, at 13. Thus, it was within the arbitrator's power to overrule the discharge when the Company could prove no more than disobedience alone. The contract does not expressly or impliedly require a different result, and this Court will not substitute its judgment for that of the arbitrator. See Cadillac Gage Company, Inc. v. International Union, U.A.A.A.I.W.A., 516 F.2d 169, 172 (CA 6, 1975); The Timken Co. v. United Steelworkers of America, 492 F.2d 1178 (CA 6, 1974).

■ Even if the Court were to accept the argument of the Company, that despite finding the employee guilty of a charge which was cause for dismissal the arbitrator nonetheless ordered reinstatement, the award would still be affirmed. The Sixth Circuit has decided a number of cases dealing with reinstatement of discharged employees who were found guilty of the offense with which they were charged. In Amanda Bent Bolt Co. v. International Union, Local 1549, 451 F.2d 1277 (CA 6, 1971)

the arbitrator ordered reinstatement of twenty-eight discharged employees despite finding that they had violated the no-strike clause which expressly authorized discharge, and also finding that "the arbitrator is precluded and in fact is expressly prohibited, from substituting his judgment for that of the parties . . . ." *Id.* at 1279. The Sixth Circuit therefore vacated the award because the contract did not grant the arbitrator the "power to add to, subtract from or modify any of the terms of this agreement." *Id.* at 1280.

Similarly, in *Timken Co. v. Local Union No. 1123, United Steelworkers of America,* 482 F.2d 1012 (CA 6, 1973) [*Timken I*], the arbitrator ordered an employee who had been absent without excuse for more than seven days to be reinstated despite a contractual provision that such an absence constituted a "voluntary quit." In addition, the contract provided for reinstatement of the employee "[i]n the event it should be decided that the employee is not guilty of the matter charged as the basis of his discharge." *Id.* at 1014. The award was vacated by the Court of Appeals, with one dissent.

These two cases, along with the district court opinion in *Falls Stamping & Welding Company v. U. A. W.,* 416 F.Supp. 574 (N.D. Ohio, 1976) are the chief cases relied upon by the defendant in seeking to vacate the award. The decisions in *Amanda Bent Bolt* and *Timken I,* however, both involved contracts which limited the power of the arbitrator to substitute his judgment as to the appropriate penalty once guilt for the offense was established. The more persuasive, and indeed binding, authority in this case is the more recent decision of *Timken Co. v. United Steelworkers of America,* 492 F.2d 1178 (CA 6, 1974) [*Timken II*]. There discharge was the prescribed penalty under a rule prohibiting fighting with fellow employees. The contract also provided, however, that if an employee "believes he has been discharged improperly, such discharge shall constitute a case arising under the method of adjusting grievances herein provided." *Id.* at 1179. The arbitrator granted reinstatement despite an express finding that the employee had violated the rule. In affirming the award, the unanimous panel of the Sixth Circuit made the following statement:

> In our opinion in the present case the arbitrator could fairly construe the contract to confer upon himself the power to determine whether under the particular facts presented the employee was "properly" discharged, even though he was technically found guilty of committing the act of striking the inspector. Otherwise, the express authority to decide grievances involving "disciplinary action" would be rendered meaningless.

*Id.* at 1180. The opinion in *Timken II* also distinguished earlier cases which vacated awards by pointing out that the arbitrator was limited to a finding of guilt or innocence in those cases, and had no power "to measure the appropriateness of the penalty." *Id.*

In light of *Timken II,* therefore, it is most significant that *Falls Stamping & Welding Co. v. U. A. W., supra,* upon which the Company in this case has relied, was reversed in a brief *per curiam* opinion by the Sixth Circuit Court of Appeals in *Falls Stamping & Welding Co. v. International Union, U.A.A.A. I.W.A.,* 575 F.2d 1191 (1978). In that case, the Company had discharged ninety-three employees who had engaged in wildcat strikes in violation of the no-strike clause of the collective bargaining agreement. The same no-strike clause also provided that "any discipline or discharge as a result of the foregoing is subject to the grievance procedure." *Id.* at 1192. The arbitrator ordered reinstatement, the district court vacated the award, and the court of appeals reversed. The *per curiam* opinion noted that the district court's reliance on *Amanda Bent Bolt Co. v. U. A. W., supra,* was misplaced:

> In *Amanda,* this court held that when an employer reserves the unequivocal right to discharge employees who violate the no-strike provision of a collective bargaining agreement, an arbitrator has no authority to order reinstatement. In the present case, however, the company ex-

pressly agreed that the discharge of employees for participating in a strike would be subject to the grievance procedure set forth in the contract. This procedure included arbitration.

*Id.*

In the case at bar, the provision which provides that insubordination shall constitute grounds for discharge is immediately followed by Article XII(b):

> (b) Any employee desiring an investigation of his discharge must file a protest . . . and the matter will then be handled through the grievance procedure in this Agreement.

Article XVI(f) of the grievance procedure provides for arbitration; there can therefore be no principled distinction between this case and *Falls Stamping*. Indeed, any differences in the two cases make the case at bar an even better one for affirmation of the award. In *Falls Stamping*, the collective bargaining agreement provided, as is typical, that the arbitrator "shall have no power or authority to amend, alter or modify this Agreement . . . ." 416 F.Supp. at 576. The Agreement in the instant case contains not even this usually minimal fetter upon the arbitrator's authority. Article XVIII simply states that "[t]he decision of the arbitrator shall be binding on both parties." In light of the glaring absence of any limit to his power, this Court would be hard pressed to justify vacation of any decision upon the ground that the arbitrator had exceeded his authority. Even assuming that he was inherently without power to alter or amend the Agreement's terms, the *Falls Stamping* case is controlling and the award must be upheld.

The Company has raised the objection that the award is beyond the authority of the arbitrator because it was rendered on January 16, 1978 after a hearing held on November 30, 1977. The award therefore was not rendered "within thirty (30) days following the close of the hearing" as provided in Article XVIII of the agreement. The Company makes no reference to the fact that post-hearing briefs were submitted by the parties, and cites no cases in support of its position.

■ The Company's objection is without merit. In the absence of unequivocal language, such a time limit (assuming it was violated in this case) will not be construed to frustrate the federal labor policy in favor of private dispute resolution, especially in the absence of a showing of any prejudice to the objecting party caused by the delay. *Local Union 560, International Brotherhood of Teamsters v. Anchor Motor Freight*, 415 F.2d 220, 225–26 (CA 3, 1969). *See International Association of Machinists v. Mooney Aircraft*, 410 F.2d 681 (CA 5, 1969) (objection is waived by party failing to object before award is issued); *see generally, Annotation*, 56 A.L.R.3d 815, § 19. The Agreement does not provide that the time limitation is mandatory rather than precatory, or that any award issued subsequent to thirty days is null and void.

■ Finally, the Company argues that the arbitrator's refusal without corroborative evidence to find that the grievant had threatened the foreman exceeded his authority under the contract. This contention is also made without citing authority. Article XII of the Agreement contemplates that the arbitrator will determine whether the conduct from which a discharge resulted actually occurred. The Agreement is silent as to what burden of proof is required and upon whom the burden will be placed. Again, even assuming that the arbitrator had no power to alter the terms of the Agreement, the question of burden of proof was wholly within his power. It is his determination of such questions for which the parties have bargained, not this Court's. *E. g., Cadillac Gage Company, Inc. v. International Union, U.A.A.A. I.W.A., supra.*

■ The Union has sought leave to amend its original complaint in order to delete a request that the arbitrator's award be modified to include the payment of back pay from the date of discharge to the date of the award. The Court will permit the amendment of the complaint. The Court's order therefore is limited to affirmation of the award. In addition, however, there

must be an award of back pay for the period during which the Company has refused to comply with the award of the arbitrator. The grievant is entitled to that sum which he would have earned between January 16, 1978 and such date as the grievant is made an unconditional offer of reinstatement in accordance with the arbitrator's award, reduced by the amounts he has earned in other employment during that period.

WHEREUPON, the Court determines that the plaintiff's motion for summary judgment is meritorious and is therefore GRANTED. It is further ORDERED that within twenty (20) days of the date of this order the parties shall submit to this Court, by stipulation or other appropriate evidence, the amount of back pay since January 16, 1978 to which the grievant is entitled.

IT IS SO ORDERED.