In the Matter of the Arbitration Between **LOCAL 1 OF the UNITED FOOD AND COMMERCIAL WORKERS,**

and

**HEINRICH MOTORS, INC.**

No. CIV–81–548(E)(T).

United States District Court, W.D. New York.

Jan. 10, 1983.

Harold Cohen, Rochester, N.Y., for petitioner.

William E. McKnight, Nixon, Hargrave, Devans & Doyle, Rochester, N.Y., for respondent.

## MEMORANDUM DECISION and ORDER

TELESCA, District Judge.

### FACTS

This is an action for enforcement of an arbitration award made pursuant to a collective bargaining agreement. Under Section 301 of the Labor Management Relations Act (29 U.S.C. § 185(a)) this Court has jurisdiction to confirm, modify or vacate an arbitrator's award.[1]

The relevant facts may be summarized as follows: On January 15, 1981 Orest Poliszuk, a used car salesman employed by the respondent, Heinrich Motors Inc., was discharged from his job for allegedly disobeying an order from his employer to return to work. Poliszuk had been absent from work since December 15, 1980 when he seriously injured himself slipping on ice that had accumulated in respondent's used car lot. Poliszuk protested his discharge, claiming he was still under the care of a physician and that his injury prevented him from working. On March 10, 1981 Poliszuk notified the respondent that he was now able to return to work. The Union filed a formal grievance protesting Poliszuk's discharge on March 23, 1981. Three days later, on March 26, 1981, respondent offered to reinstate Poliszuk with full seniority and vacation rights, but without back pay. Poliszuk refused the company's reinstatement offer, claiming he was entitled to back pay from February 16, 1981, the date his Worker's Compensation payments ceased.

Pursuant to the collective bargaining agreement, the parties submitted the dispute to binding arbitration. Arbitrator V. Sumner Carroll, in a decision dated June 24, 1981, sustained the Union's grievance and found that Poliszuk had, in fact, been wrongfully discharged. Arbitrator Carroll ordered Poliszuk reinstated and awarded him "back wages for the period from February 16, 1981 to May 6, 1981".

Article XI, Section 3 of the Collective Bargaining Agreement negotiated between the parties provided as follows:

> Section 3. The decision of the arbitrator shall be final and binding upon the parties. The arbitrator shall have no power to: (a) determine arbitrability; (b) add to, subtract from, modify or amend any

---

1. This action was originally commenced in New York State Supreme Court along with another arbitration award enforcement proceeding involving a dispute over commissions allegedly due to former Heinrich salesmen. Heinrich petitioned for consolidation and removal of both cases to Federal District Court. The Union petitioned to remand the sales commission arbitration proceeding back to State Court. In a decision dated September 4, 1981, the Hon. John T. Elfvin of this Court granted the Union's motion to remand and denied Heinrich's motion to consolidate. (*Matter of Local 435 of Retail Store Employees Union*, 521 F.Supp. 418 (W.D. N.Y.1981)).

provisions of this Agreement; (c) change existing wage rates; (d) award monetary damages except for back pay (at the discretion of the arbitrator) in case of wrongful discharge; (e) arbitrate proposals for the amendment or renewal of this Agreement. *No award shall be effective retroactive beyond the date on which the grievance was first presented in writing pursuant to the grievance procedure as herein provided, nor for any period subsequent to the termination of this Agreement.*

(emphasis supplied). Thus, the sole issue before this Court is whether Arbitrator Carroll's award of retroactive pay exceeded the authority vested in him pursuant to Section 3 of the Collective Bargaining Agreement.

## DECISION

■ The scope of judicial review of an arbitrator's award is extremely limited. So long as the "essence" of the arbitrator's award is drawn from the collective bargaining agreement, the award must be enforced, regardless of whether the Court agrees with the arbitrator's interpretation of the contract. Nevertheless, there are limited circumstances where an arbitration award must not be permitted to stand. In *United Steelworkers of America v. Enterprise Wheel & Car Corporation,* the Supreme Court enunciated the basis for review of an arbitrator's decision.

· [A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. *When the arbitrator's words manifest an infidelity to his obligation, courts have no choice but to refuse enforcement of the award.* (emphasis added)

363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960)

■ In the instant case, Arbitrator Carroll violated his obligation to "draw the essence of the award from the collective bargaining agreement". In plain, unambiguous language, the negotiated contract between the Union and Management precluded *any arbitrator* from awarding retroactive pay prior to the date upon which the grievance was filed. By awarding Poliszuk back wages prior to March 23, 1981, (the date on which the Union filed its grievance challenging Poliszuk's discharge) Arbitrator Carroll exceeded the authority conferred upon him by the negotiated labor contract. While it is, of course, true that an arbitrator possesses great latitude in fashioning appropriate remedies for contract violations, that latitude does not include the authority to disregard express contractual provisions in the collective bargaining agreement. *See e.g., Amanda Bent Bolt Co. v. International Union, U.A.A.I.W.,* 451 F.2d 1277 (6th Cir.1971); *Bakery and Confectionery Workers v. Bridgport Food Corp.,* 423 F.Supp. 124 (N.D.Tex.1976).

In his award, Arbitrator Carroll stated that he was refusing to apply the retroactive damage restriction provision because he considered it "unfair". However, "[w]here a contract provision is the result of free bargaining between the parties, the arbitrator cannot amend the contract or dispense 'his own brand of industrial justice' ... *merely because he views the outcome as unfair".* *Sears, Roebuck and Co. v. Teamsters Local No. 243,* 507 F.Supp. 658 (E.D.Mich.1981), aff'd 683 F.2d 154 (6th Cir. 1982) (citations omitted) (emphasis supplied).

Petitioner's primary argument to this Court is that a separate arbitration award currently on appeal in New York State Court constitutes the "law of the case" which this Court is bound to follow. That argument must be rejected. The State Court case concerns a dispute over commissions payable to car salesmen formerly employed by Heinrich. (*See* footnote 1, *supra*). The arbitrator in that case, like Arbitrator Carroll in the instant action, disregarded the contractual provision precluding the award of retroactive relief, finding that

provision of the collective bargaining contract to be "unconscionable".[2]

Even assuming *arguendo* that the sales commission arbitration is so factually and legally similar to the instant arbitration award so as to constitute "the law of the case", "[w]here a case is removed into federal court on the basis of a federal question, the federal court need not follow the law of the case as declared by the state court". *1B Moore's Federal Practice,* § 0.404(b) at 504.

Therefore, I find that portion of Arbitrator Carroll's award which granted Poliszuk retroactive wages prior to the time his grievance was filed to be clearly contrary to the express contractual language contained in Article XI, Section 3 of the Collective Bargaining Agreement. Accordingly, the award, insofar as it grants Poliszuk back wages prior to March 23, 1981, is hereby vacated. Arbitrator Carroll's award is confirmed in all other respects.

SO ORDERED.

2. The Arbitrator's award in the sales commission proceeding is currently pending before the    Appellate Division, Fourth Department.