James **JOHNSON**, Appellant,

v.

The **NEW YORK HOSPITAL** and Dr. **David Skinner**, Appellees.

No. 131, Docket 96–7146.

United States Court of Appeals, Second Circuit.

Argued Sept. 4, 1996.

Decided Sept. 13, 1996.

See also 897 F.Supp. 83, 903 F.Supp. 605.

James Johnson, pro se, Maspeth, NY, for Appellant.

Barbara E. Hoey, Kelley Drye & Warren, New York City, for Appellees.

Before: FEINBERG, CARDAMONE, and McLAUGHLIN, Circuit Judges.

PER CURIAM:

This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Baer, *Judge* ) and was argued. Most of the issues presented on this appeal were disposed of in a summary order issued by this court September 13, 1996. We write to consider only one issue: whether the district court properly instructed the jury that it could consider off-duty conduct when determining whether Johnson came within an exception to coverage under the Rehabilitation Act. 29 U.S.C. § 706(8)(C)(v).

## BACKGROUND

Johnson was employed as a registered nurse at New York Hospital in 1987. On August 25, 1991, Johnson, then on vacation, came to the hospital in an intoxicated state, and had violent scuffles with security guards. Johnson did not have any recollection of the events, claiming he suffered from a drunken blackout. The hospital terminated him five days later, on August 30.

After exhausting all administrative remedies, Johnson filed a complaint in the District Court for the Southern District of New York, alleging that he was terminated from the hospital because of his handicap, alcoholism, in violation of the Rehabilitation Act. *See* 29 U.S.C. § 701 *et seq.*

In November, 1995, the district court ordered bifurcation of the issues for jury trial. The first trial was to determine whether Johnson fell within the coverage of the Rehabilitation Act, which excludes from the definition of "person with a disability" those alcoholics "whose employment, by reason of such current alcohol abuse, would constitute a direct threat to property or the safety of others." 29 U.S.C. § 706(8)(C)(v). The district court directed that the first issue to be resolved was whether Johnson could be characterized as a "person with a disability."

After both sides presented their evidence, the district court held a lengthy charging conference, at which it proposed a single interrogatory for the jury's consideration: "Did Mr. Johnson's use of alcohol cause him to constitute a direct threat to property or safety of others?" Johnson objected, arguing that the interrogatory should contain some mention of employment. The district court then changed the interrogatory to: "Did Mr. Johnson's employment at New York Hospital, by reason of his alcohol abuse, constitute a direct threat to property or the safety of others?" Johnson did not object to this interrogatory. In addition, the district court added, without objection from Johnson:

you may answer yes to the single question on the verdict sheet even if he was not actually on duty at the time the relevant conduct was engaged in. In other words, I think again that you may find that he was not on duty at the time that this event

occurred, but that does not necessarily mean that in fact he does not fall outside the protections of the [A]ct.

The jury's answer to the interrogatory was "yes." Accordingly, Judge Baer found that Johnson came within the exclusion of coverage from the Rehabilitation Act set forth in 29 U.S.C. § 706(8)(C)(v), and he directed a judgment dismissing the complaint.

Johnson now appeals, arguing that the district court erroneously defined employment by allowing consideration of off-duty conduct.

## DISCUSSION

■ Generally, a party's failure to object to a jury instruction will preclude appellate review of the instruction. *Earl v. Bouchard Transp. Co.*, 917 F.2d 1320, 1323–24 (2d Cir. 1990); *see* Fed.R.Civ.P. 51. An exception may be made when there is plain error, *i.e.*, we may review the instruction when the failure to review it would result in a miscarriage of justice or in an obvious misapplication of the law. *Id.* at 1324.

■ Johnson failed to object to the instruction, and, in any case, it accurately stated the law. Numerous courts have considered off-duty drunken conduct in determining whether the plaintiff was protected under the Rehabilitation Act. *See Newland v. Dalton*, 81 F.3d 904, 906 (9th Cir.1996) (off-duty drunken rampage in bar); *Despears v. Milwaukee County*, 63 F.3d 635, 636–37 (7th Cir.1995) (off-duty drunk driving); *Maddox v. Univ. of Tenn.*, 62 F.3d 843, 847 (6th Cir.1995) (off-duty drunk driving and public intoxication). To turn a blind eye towards such conduct is justified neither by logic nor sound policy. Johnson's off-duty actions are relevant to whether his employment may pose a threat to the safety of others, especially patients, given his tendency to become belligerent when intoxicated.

## CONCLUSION

The district court's instruction to the jury that it could consider off-duty conduct was

not error.   Accordingly, the decision of the district court is AFFIRMED.