**John COWAN, Plaintiff,**

v.

**MaBSTOA, Defendant.**

**No. 96–CV–2701.**

United States District Court,
E.D. New York.

April 22, 1997.

William Thomas, Andrew Hirschhorn, Rosedale, for Plaintiff.

Evelyn Jonas, Martin B. Schnabel, Brooklyn, for Defendant.

Memorandum, Order and Judgment

WEINSTEIN, Senior District Judge.

## I. Introduction

Plaintiff alleges violation of his rights under the Rehabilitation Act, 29 U.S.C. § 701. He was fired for using cocaine. Because of his cocaine addiction and failure to participate in a drug treatment program, he was not qualified to perform his work. His misconduct in stealing from his employer provided another appropriate ground for non-discriminatory dismissal. Defendant's motion for summary judgment is granted.

## II. Facts

Plaintiff, was employed by the Manhattan and Bronx Surface Transit Operating Authority ("M & B") as a superintendent at a bus depot, directing bus maintenance employees. He admitted that he was a cocaine abuser and was afforded treatment in the M & B employee assistance program for drug abusers. He claims that another employee humiliated him in public because of his drug addiction and that this caused him to abandon the treatment program in November 1993 and to return to using cocaine. In February 1994 plaintiff was arrested for stealing and selling M & B rock salt to support his cocaine habit. In his defense against a disciplinary charge, plaintiff submitted a letter dated May 1, 1994 admitting that he "suffered from and continues to suffer from a substance abuse problem". He was dismissed on June 3, 1994. Two years later on May 25, 1996, he commenced the instant suit.

## III. Law

### A. Standard for Summary Judgment

Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); see also, e.g., *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986).

### B. The Rehabilitation Act

#### 1. Legislative History

The Rehabilitation Act is designed to "promote and expand employment opportunities in the public and private sectors for handicapped individuals and to place such individuals in employment." 29 U.S.C. § 701. It addresses problems created by unwarranted bias, accumulated myths and fears about disability keeping handicapped qualified workers out of the marketplace workplace. Exec. Order No. 12,640, 3 C.F.R. 571 (1989).

■ Drug use is a serious social problem. Curing addicts is a national policy. Congress therefore included past drug users within the protections of the Act. (29 U.S.C. §§ 791, 194). The Act provides support and assistance to those who attempt to overcome their addiction. *Davis v. Bucher*, 451 F.Supp. 791, 795 (E.D.Pa.1978). Nevertheless, the legislative history and section 7 of the 1978 amended statute made it clear that a rehabilitated and rehabilitating drug abuser could be discharged if his condition prevented him from performing his job or constituted a threat to property or public safety. "[T]he intent of Congress is not to force employers to hire alcoholics or drug dependent persons to perform jobs for which their condition makes them unsuited." 124 Cong. Rec. 30,324. "Handicapped individual ... does not include ... current alcohol or drug abuse[rs] ... constituted a direct threat to property or the safety of others." 29 U.S.C. § 706(7)(B) (1978). The statute encourages users of illegal narcotics to seek treatment, but does not provide a safe haven in the workplace should they choose to use drugs. *Burka v. New York City Transit Authority*, 680 F.Supp. 590, 600 (S.D.N.Y.1988).

#### 2. Rehabilitation Act Standards

■ The Rehabilitation Act makes it unlawful for any entity receiving federal funds to discriminate against an "otherwise qualified individual with a disability." 29 U.S.C. § 794. To establish a case of employment discrimination under this statute, a plaintiff must show: i) he is an "individual with a disability"; ii) he was "otherwise qualified" for a position; iii) he was terminated solely on the basis of his disability; and iv) the employer receives federal funds. *School Bd. of Nassau County v. Arline*, 480 U.S. 273, 284, 107 S.Ct. 1123, 1129, 94 L.Ed.2d 307 (1987); *Bates v. L.I.R.R.*, 997 F.2d 1028, 1035 (2d Cir.1993); *Little v. F.B.I.*, 1 F.3d 255, 257 (4th Cir.1993); *Maddox v. University of Tennessee*, 62 F.3d 843, 846 (6th Cir.1995); *Despears v. Milwaukee County*, 63 F.3d 635, 636 (7th Cir.1995); *Collings v. Longview Fibre Co.*, 63 F.3d 828 (9th Cir.1995); *Newland v. Dalton*, 81 F.3d 904 (9th Cir.1996). If proof of any of these elements is lacking, the claim must fail. *Sedor v. Frank*, 42 F.3d 741, 746 (2d Cir.1994).

##### a. Individual with a disability

■ Substance abuse is a disability under the Rehabilitation Act. *Teahan v. Metro–North Commuter R.R.*, 951 F.2d 511, 517 (2d Cir.1991). An employer violates the statute by discharging an employee for past addiction.

■ Participating in a rehabilitation program or completing such a program while fully abstaining is evidence of cure. *Teahan v. Metro–North Commuter R.R.*, 951 F.2d 511, 513, 518 (successfully completed a substance abuse rehabilitation program; not using drugs when work resumed). The Rehabilitation Act is designed to protect drug addicts who voluntarily identify their problem, seek assistance, and stop using illegal drugs. *Grimes v. U.S. Postal Service*, 872 F.Supp. 668, 675 (W.D.Mo.1994). An employee is not protected when he is currently

engaging in illegal drug use. *Teahan v. Metro–North Commuter R,R.*, 951 F.2d at 518, supra.

■ The statute explicitly provides that a person "currently engaged in the illegal use of drugs" does not have a disability within the meaning of the law. Section 706(8)(C) of title 29 states:

(i) ... the term "individual with a disability" does not include an individual who is currently engaging in the illegal use of drugs, when a covered entity acts on the basis of such use.

(ii) Nothing ... shall be construed to exclude as an individual with a disability ... who—

(I) has successfully completed a supervised drug rehabilitation program and is no longer engaging in the illegal use of drugs, or has otherwise been rehabilitated successfully and is no longer engaging in such use;

(II) is participating in a supervised rehabilitation program and is no longer engaging in such use; or

(III) is erroneously regarded as engaging in such use, but is not engaging in such use.

If a person has used illegal drugs recently enough to justify a reasonable belief that his addiction is current, he is not disabled within the meaning of the statute. *Teahan v. Metro–North Commuter R.R.*, 951 F.2d at 519–20, supra.

**b. Otherwise Qualified**

■ A handicapped person must show that despite his handicap, he is "otherwise qualified" to perform his work-task. An "otherwise qualified person is one who can perform the essential functions of the job in question." *School Board of Nassau County v. Arline*, 480 U.S. 273, 287, 107 S.Ct. 1123, 1131, 94 L.Ed.2d 307 (1987). In order to determine whether the employee is "otherwise qualified" as of the date of termination, the employer may consider how the employee will perform compared to non-handicapped individuals. *Teahan v. Metro–North Commuter R.R.*, 951 F.2d 511 (2d Cir.1991). An employer is justified in considering the strong possibility of relapse even though there is evidence of recovery. It can give weight to the degree of danger involved in the type of work and the gravity of the consequences of any mishap. *Johnson v. New York Hospital*, 96 F.3d 33, 34 (2d Cir. 1996); *Doe v. New York Univ.*, 666 F.2d 761, 777 (2d Cir.1981); *Hogarth v. Thornburgh*, 833 F.Supp. 1077, 1086 (S.D.N.Y.1993) (in determining whether employee's employment constituted direct threat to property or safety of others, the jury could consider employee's off-duty conduct of coming to hospital in an intoxicated state and scuffling with hospital guards).

**c. Solely by reason of plaintiff's disability**

■ To show that a termination was "solely by reason of the employee's disability", the plaintiff must demonstrate that there was a causal connection between his disability and the termination, and that the disability was the principal cause of the decision. *Sedor v. Frank*, 42 F.3d 741, 746 (2d Cir. 1994). Discrimination is not established if the disability caused unacceptable job conduct. *Teahan v. Metro–North Commuter R.R.*, 951 F.2d 511, 517 (2d Cir.1991).

■ Egregious misconduct is a basis for firing a disabled person. *Copeland v. Philadelphia Police Dept.*, 840 F.2d 1139 (3d Cir. 1988); *Taub v. Frank*, 957 F.2d 8 (1st Cir. 1992); *Little v. F.B.I.*, 1 F.3d 255 (4th Cir. 1993). In *Newland v. Dalton*, 81 F.3d 904 (9th Cir.1996), the 9th Circuit joined the 6th, 7th, and 4th circuits in holding that while alcoholism is a disability and the Rehabilitation Act protects employees from being fired because of it, employers may discipline workers for egregious or criminal conduct whether or not the employee is disabled.

**IV. Application of law to Facts**

**A. Individual with a disability**

■ Plaintiff admitted in May 1 of 1994 that he "suffered from and continues to suffer from a substance abuse problem". Although he had participated in a drug treatment program, he withdrew from it before completion. Stopping treatment because an employee humiliated him on account of his

drug addiction, is insufficient justification for continuing addiction. Since plaintiff had not overcome the substance abuse and was not undergoing treatment at the time of his termination, he was not protected under the Act.

Since plaintiff has admitted that he had been using illegal drugs around the time of his dismissal defendant entertained a reasonable belief that he was still a drug user. As a current drug user, plaintiff was not, by definition, an individual with a disability.

### B. Otherwise qualified

 A handicapped employee has to be "otherwise qualified" for his job. Plaintiff admitted that he stole and sold M & B's property. Assuming plaintiff's assertion is true, that the drug addiction caused him to steal, a current drug user who is not in rehabilitation treatment is likely to be continually affected by addiction and likely to steal again. As a class, an unaddicted employee is less likely to be under the influence of drugs and less likely to steal. Defendant had a reasonable belief that plaintiff was not an otherwise qualified employee because it could reasonably believe that plaintiff was more likely to steal than were other employees. Moreover, plaintiff supervised bus repair and maintenance. His responsibilities affected public safety. It could be assumed that cocaine would impair his judgment. Defendant appropriately might have concluded that the public required protection against the possibility of plaintiff's impaired judgment.

The court may assume that in the case of cocaine addiction some relapse even under treatment are to be expected. Even though a slip is not necessarily a fall, continued attendance at a drug treatment program to minimalize danger of a relapse is an appropriate expectation of an employer.

### C. Solely by reason of plaintiff's disability

 Plaintiff argued that his misconduct stemmed from his drug addiction. He alleged that defendant discriminated against him on the basis of an act caused by his disability, in violation of the statute. The claim is insufficient as a matter of law.

When a disabled employee is terminated after misconduct,

based on no lesser authority than common sense, it is clear that an employer subject to the Rehabilitation Act must be permitted to terminate its employee on account of egregious misconduct, irrespective of whether the employee is handicapped. *Little v. F.B.I.,* 1 F.3d 255, 259 (4th Cir.1993). In *Maddox v. University of Tennessee,* 62 F.3d 843 (6th Cir.1995), the court approved summary judgment for the University because it discharged an employee for driving under the influence of alcohol. The court relied upon the obvious standard that substance abusers are not exempted from reasonable rules of conduct. Similarly, an employee is not discharged solely by reason of his disability where firing is based on extended and undocumented absences from work. *Sedor v. Frank,* 42 F.3d 741, 746 (2d Cir. 1994). It is appropriate to insist that employees refrain from theft of employer's property.

Plaintiff's alleged disability cannot insulate him from the discipline that would be imposed upon any other employee. He was fired because of unlawful misconduct that violated basic rules of loyalty for handicapped and non-handicapped employees alike. Plaintiff was not terminated "solely by reason of his handicap". He is not protected under the Rehabilitation Act, Termination for stealing was not a pretext for discrimination.

### V. Conclusion

Since plaintiff was a current user of illegal drugs when he was fired, he was not protected as an "individual with a disability" by the Act. His misconduct rendered him not "otherwise qualified" to perform essential functions as a superintendent and it is sufficient basis for discharge. The need to protect the public's safety outweighs the Rehabilitation Act's purpose of affording plaintiff an opportunity to become fully integrated into the workforce.

The case is dismissed. No costs or disbursements.

SO ORDERED.