**Carole A. ROBINSON, II, Plaintiff,**

v.

**Carolyn GORMAN, Robert Gorman, and Housing Authority of the City of Torrington, Defendants.**

**No. 3:00 CV 749(GLG).**

United States District Court, D. Connecticut.

March 30, 2001.

---

Valerie C. Ferrucci, Watertown, CT, for Plaintiff.

Angelica N. Papastavros, Norman A. Pattis, Williams & Pattis, New Haven, CT,

David A. Huntoon, Law Offices of David A. Huntoon, LLC, Torrington, CT, John J. Radshaw, III, Coles, Baldwin & Craft, Fairfield, CT, Kevin A. Coles, Coles, Baldwin & Craft, Fairfield, CT, for Defendants.

## *OPINION*

GOETTEL, District Judge.

On September 9, 2000, Defendants Carolyn Gorman and Robert Gorman (the "Gormans") filed a motion to strike Count One of the Plaintiff's amended complaint without an accompanying memorandum of law. This Court granted the motion absent opposition on November 9, 2000. Plaintiff Carole A. Robinson, II immediately notified the Court that she had mailed opposition to the Clerk's office in New Haven, however it was apparently never received or docketed. Although the Plaintiff did not file a motion for reconsideration, this Court indicated to the parties telephonically that, in light of the Second Circuit's preference for a ruling upon the merits, we would reconsider the motion. Accordingly, we granted the Gormans' motion to file a memorandum of law in support of the motion to strike [Doc. # 18], filed on October 6, 2000, and directed the plaintiff to file her opposition within twenty-one days of the filing of the Gormans' memorandum of law. The Plaintiff timely filed her opposition and also cross-moved for attorney's fees. The motion to strike has now been fully briefed, and we consider the merits of the parties' arguments.

We now vacate our prior ruling *nunc pro tunc* and DENY the Defendant's motion to strike [**Doc. # 15**] and Plaintiff's cross-motion for attorney's fees [**Doc. # 39**].

## *BACKGROUND*

Plaintiff filed this action in state court in October, 1999, asserting claims of housing discrimination, violation of various provisions of her lease with her landlords, the Gormans, violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131, violation of the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3604 ("FHA"), and violations of various state and common laws.

While the matter was still before the state court, the Gormans moved to strike Count One, which originally asserted a common law housing discrimination claim, and Count Four, which claimed violations of the ADA and the FHA. Although the plaintiff had not specifically referred to the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. §§ 701–797b (1999), in Count One of her original complaint, she apparently cited to the applicable regulations in her opposition to the motion to strike. The state court granted the motion as to the ADA and FHA claims, but denied the motion as to Count One. *See Robinson v. Gorman,* No. CV187152, at 5 (Conn.Super.Ct. Mar. 3, 2000). In its ruling, the court interpreted the applicable lease provision prohibiting invidious discrimination "in accordance with applicable equal opportunity statutes, executive orders, and regulations" to encompass the Rehabilitation Act.

The plaintiff promptly amended Count One of her complaint to assert a violation of the Rehabilitation Act, and has since amended her complaint a second time to assert a negligence claim against the Housing Authority of the City of Torrington ("Housing Authority"). The Defendants removed the action to this Court on April 26, 2000. The case was first assigned to Judge Arterton and was transferred to this Court on October 26, 2000.

The Gormans now move to strike Count One of the second amended complaint pursuant to Rule 12(f) of the Federal Rules of

Civil Procedure. Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Gormans, as defendants in this action, are clearly not attacking an insufficient defense, and we do not discern any other grounds for applying Rule 12(f). To the extent that they are attacking the claims made in Count One as immaterial, they should have styled their motion as a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon relief can be granted, the appropriate motion to attack the sufficiency of a complaint, and we will treat it as such.

A motion to dismiss filed pursuant to Rule 12(b)(6) tests only the legal sufficiency of the complaint and should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss, we accept as true all allegations of the complaint and draw all reasonable inferences in favor of the plaintiff. *Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir.1996).

Briefly stated, the facts, taken directly from the Plaintiff's complaint, are as follows:

In June, 1998, the Plaintiff entered into a one-year lease agreement with the Gormans, owners of a two-unit residential dwelling in Torrington, Connecticut, for the use and occupancy of one unit of the dwelling. The Gormans reside in the other unit of the dwelling. The original lease was renewed the following year, and for a third time on June 1, 1999, adding a lease addendum which contains an anti-discrimination clause. The Plaintiff claims to be an individual with a disability as defined in the ADA, and is thus qualified to participate in programs for federal financial assistance for housing (HUD programs). The Gormans, as the Plaintiff's landlords, received federal financial assistance payments through the Housing Authority. The Plaintiff claims that the Gormans discriminated against her when they refused to allow her to have a live-in aide in violation of her lease provisions and the Rehabilitation Act.

### DISCUSSION

#### 1. Prior State Court Ruling

In her opposition to this motion, the Plaintiff argues that this Court should not reconsider an issue which the state court has previously decided. We disagree. The state court's decision as to matters of federal law is not entitled to be treated as the law of the case. *See Quinn v. Aetna Life & Cas. Co.*, 616 F.2d 38, 40–41 (2d Cir.1980). The "law of the case" doctrine generally prevents re-litigation of an issue previously decided in the same case, however, the doctrine need not be followed when a claim based on a federal question is removed to federal court. *See Local 1 of United Food & Commercial Workers v. Heinrich Motors, Inc.*, 559 F.Supp. 192, 195 (W.D.N.Y.1983) (citing 1B Moore's Federal Practice § 0.404(b), at 504); *FDIC v. First Mortgage Investors*, 485 F.Supp. 445, 450 (E.D.Wis.1980).

In addition, the Gormans had moved to re-argue the motion to strike while this matter was still before the state court, and therefore, the state court's ruling was not a final judgment in the matter. *See Remington v. Central Pac. R.R. Co.*, 198 U.S. 95, 99–100, 25 S.Ct. 577, 579, 49 L.Ed. 959 (1905); *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 7–8 (2d Cir.1996); *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992); *Hill v. United States Fid. & Guar. Co.*, 428 F.2d 112 (5th Cir.

1970). We are not constrained by the state court's ruling on this question of federal law and consequently we consider the issues before us *de novo*. Furthermore, we deny the Plaintiff's cross-motion for attorney's fees for opposing the Defendant's motion.

## 2. Rehabilitation Act claim

■ The Gormans argue that the Rehabilitation Act does not apply to the Plaintiff's claim because the FHA and Connecticut's Fair Housing Act, Conn.Gen.Stat. § 46a–64c, effectively pre-empt housing discrimination claims, and because the ADA effectively pre-empts discrimination claims based on an individual's disability. We reject both of these contentions. The Gormans cite to no authority supporting their pre-emption claims, nor have we found any in our research. To the contrary, although the FHA and the ADA may be comprehensive statutory schemes within their respective areas of focus, they are inapposite to the interdictions on discrimination which Congress attached to the receipt of federal financial assistance when it enacted the Rehabilitation Act. That statute provides, in relevant part, that "n[o] otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under

any program or activity receiving Federal financial assistance. . . ." 29 U.S.C. 794(a). In a situation such as this one, where an individual with a disability is allegedly subjected to discrimination in a federally subsidized housing program, a plaintiff may bring claims under all three statutes. *See Forest City Daly Hous. v. Town of North Hempstead*, 175 F.3d 144, 151 (2d Cir. 1999) (applying the ADA, the FHA, and the Rehabilitation Act to a municipal zoning decision); *Innovative Health Sys., Inc. v. City of White Plains*, 117 F.3d 37 (2d Cir.1997) (applying ADA and Rehabilitation Act); *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 333–35 (2d Cir.1995) (discussing the Rehabilitation Act and the Fair Housing Amendments Act); *Lloyd v. Housing Auth. of City of Kirksville*, 58 F.3d 398, 399–400 (8th Cir.1995) (same); *Cason v. Rochester Hous. Auth.*, 748 F.Supp. 1002 (W.D.N.Y.1990) (same).

■ The Gormans further argue that they should be exempt from the Rehabilitation Act because they are exempt under the FHA and Connecticut's Fair Housing Act (due to their status as owners in residence in their two-family dwelling [1]) and the ADA (because their dwelling is not considered a place of public accommodation [2]). They cite to no statutory authority or case law supporting their claim that the FHA and ADA exemptions apply to the

---

1. *See* FHA, 42 U.S.C. § 3603(b)(2) ("Nothing in section 3604 of this title (other than subsection (c)) shall apply to . . . rooms or units in dwellings containing living quarters occupied or intended to be occupied by no more than four families living independently of each other, if the owner actually maintains and occupies one of such living quarters as his residence."); Connecticut's Fair Housing Act, Conn.Gen.Stat. § 46a–64c(b)(1) ("The provisions of this section shall not apply to . . . a unit in a dwelling containing living quarters occupied or intended to be occupied by no more than two families living independently of each other, if the owner actually maintains

and occupies the other such living quarter as his residence.").

2. *See* ADA, 42 U.S.C. § 12181(7) ("The following private entities are considered public accommodations for purposes of this title [42 U.S.C. § 12181 *et seq.*], if the operations of such entities affect commerce—(A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor. . . .").

Rehabilitation Act, and we will not strain to infer such an exemption where Congress has not chosen to articulate one. *See Johnson v. New York Hosp.*, 897 F.Supp. 83, 86 (S.D.N.Y.1995) (holding that exemption under the ADA does not preclude liability under the Rehabilitation Act), *aff'd on other grounds*, 96 F.3d 33 (2d Cir.1996).

The Gormans further argue that the Rehabilitation Act does not place an affirmative duty upon them to provide a live-aide for the Plaintiff. We do not disagree, *see Alexander v. Choate*, 469 U.S. 287, 300 n. 20, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985), however, that is not what the Plaintiff claims. She does not assert that the Gormans refused to provide a live-in aide, but rather that they refused to permit her to have a live-in aide as a reasonable accommodation to her disability and thereby violated her rights.

■■ The Gormans also claim that the Plaintiff is not disabled. That is a question of fact and thus not disposable in a motion to dismiss. To state a prima facie case under the Rehabilitation Act, the Plaintiff must allege that: (1) she is disabled within the meaning of the Act; (2) she is otherwise qualified to participate in the activity or program; (3) the activity or program receives federal financial assistance; and (4) she was denied the benefits of or subject to discrimination under the program or activity solely by reason of her disability. *See Innovative Health Sys., Inc. v. City of White Plains*, 931 F.Supp. 222, 238 (S.D.N.Y.1996), *aff'd in part*, 117 F.3d 37 (2d Cir.1997). The Plaintiff has adequately alleged all the necessary elements and has therefore carried her burden of stating a prima facie case.

We note that some courts have ruled that individuals may not be liable under the Rehabilitation Act for employment discrimination against disabled individuals.

*See, e.g., Fitzpatrick v. Pennsylvania Dept. of Transp.*, 40 F.Supp.2d 631, 635–38 (E.D.Pa.1999) (denying individual liability because the individual was not the plaintiff's employer); *but see Johnson v. New York Hosp.*, 897 F.Supp. at 85 (allowing claims in individual capacity). However, this is not an employment discrimination case. Moreover, we do not believe the circumstances in this case necessarily preclude individual liability, because the Gormans, as the Plaintiff's landlords, were ostensibly in a position to accept or reject federal funds in connection with the housing program in which they and the Plaintiff participated.

For all the above reasons, we DENY the Gorman defendants' motion to dismiss Count One of the Plaintiff's amended complaint. [**Doc. # 15**]. We also DENY the Plaintiff's cross-motion for attorney's fees [**Doc. # 39**].

SO ORDERED.