Irving A. GELB, Plaintiff–Appellant,

v.

BOARD OF ELECTIONS OF the CITY OF NEW YORK, Weyman A. Carey, Michael J. Cilmi, Commissioner, Michael L. Cohen, Ronald J. D'Angelo, Douglas A. Kellner, Crystal N. Paris, Commissioner, Gertrude Strohm, Commissioner, Frederic M. Umane, Commissioner, Vincent J. Velella, Commissioner, Stephen H. Weiner, Commissioner, Daniel DeFrancesco, Executive Director, Margaret Ognibene, Deputy Executive Director, Jon R. Del Giorno, Administrative Manager, Defendants–Appellees.

Docket No. 01–9116.

United States Court of Appeals, Second Circuit.

Sept. 10, 2002.

Irving A. Gelb, pro se, Bronx, NY, for Appellant.

Ronald E. Sternberg, Assistant Corporation Counsel, (Michael A. Cardozo, Corporation Counsel of the City of New York, on the brief), New York, NY, for Appellees.

Present WALKER, Chief Judge, WINTER and CALABRESI, Circuit Judges.

Plaintiff Gelb brought an action under 42 U.S.C. § 1983 alleging, among other things, that the New York City Board of Elections had improperly failed to provide the opportunity to write in candidates in primary elections where more than one candidate appeared on the ballot. The district court initially granted summary judgment. This court certified the issue of whether Gelb was entitled to cast a write-in vote in a contested primary election under state law to the New York Court of Appeals. *Gelb v. Bd. of Elections*, 224 F.3d 149, 157–58 (2d Cir.2000). The Board of Elections conceded that voters should be allowed to write-in votes in primary elections and the New York Court of Appeals declined to answer the certified question. In light of the defendant's concession, this court remanded the matter to the district court for further proceedings to determine whether the defendants engaged in "intentional or purposeful discrimination."

A jury trial resulted in a verdict in favor of the defendants. Gelb appeals, arguing that the jury was improperly charged on intentional discrimination and that the district court erred in excluding certain evidence. Gelb did not object to the jury instructions at the time they were given. In general, objections to jury instructions are waived if they are not made contemporaneously. Fed.R.Civ.P. 51. Jury instructions can still be reviewed for "plain error." *See, e.g., Johnson v. New York Hosp.*, 96 F.3d 33, 34 (2d Cir.1996) (per curiam). However, appellate review of instructions that were not objected to should only be granted "when the failure to review [ ] would result in a miscarriage of justice or in an obvious misapplication of the law." *Id.* In this case, Gelb fails to meet the high standard to obtain review of unobjected to jury instructions.

We review evidentiary decisions of the district court for abuse of discretion. *Silverstein v. Chase*, 260 F.3d 142, 145 (2d Cir.2001). We have carefully considered

Gelb's evidentiary claims and conclude that they are without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**